### No. 3062.

### Delop & Co. v. Windsor & Randolph—S. H. Kennedy & Co. Intervenors.

The intervenors have not in this case, as consignees, acquired a superior right to the cotton shipped to them, because it was attached by plaintiffs before the bill of lading was delivered to said consignees.

The intervenors had no lien on the cotton in Mississippi by reason of having furnished supplies to raise it, because it is shown that such a right can only exist in Mississippi by virtue of a contract lien, duly recorded in the "contract lien book," in the circuit clerk's office, and no such contract has been produced by them. Having no lien for supplies on the cotton in Mississippi, the intervenors did not certainly acquire one after it came into this State.

A chattel mortgage is unknown to our law. It can not be enforced in this State, where movables are not susceptible of being mortgaged. This court is not bound by the comity of nations to enforce a contract, which, if made here, could not defeat the rights acquired by attachment under our own laws.

The position taken by the intervenors that they are the owners of the cotton and therefore entitled to its proceeds, contradicts their judicial admissions in their petition of intervention, and therefore can not be permitted.

APPEAL from the Fifth District Court, parish of Orleans. *Leaumont*, J. *E. T. Merrick, Race & Foster*, for plaintiffs and appellees. *Randolph, Singleton & Browne*, for intervenors and appellants.

WYLY, J.  On the fourteenth November, 1867, the plaintiffs sued the defendants for $4811 42, and attached fifty bales of cotton on board the steamboat Grey Eagle, which cotton the defendants raised on their plantation in Washington county, Mississippi.

After the attachment was levied S. H. Kennedy & Co. intervened, claiming to be creditors of the defendants in the sum of $3290, and asserting a privilege on said cotton, because their claim was for supplies and cash advanced to raise it, and also because it was consigned to them by the defendants.

The court gave judgment in favor of the plaintiffs for the amount of the net proceeds of said cotton, $2427 77, and rejected the demand of the intervenors.  The intervenors have appealed.

The cotton was shipped by the defendants from Washington county, Mississippi, to S. H. Kennedy & Co., and the attachment was levied before the bill of lading was delivered to the consignees.  The letter advising of the shipment of the fifty bales by the Grey Eagle, was not received by the consignees until one day after the cotton had been attached.  The letter advising of the shipment of forty-nine bales by the Henry Ames, on the first of November, 1867, was not notice of the shipment of fifty bales by the Grey Eagle, on the eleventh of November, 2867, whether the forty-nine bales intended to be shipped on the Henry Ames was a part of the shipment subsequently made on the Grey Eagle, or not.  The intervenors, therefore, have not, as consignees, acquired a right superior to the plaintiffs, the attaching creditors.  15 An. 260; 3 R. 106, 276; 6 An. 444; 20 An. 564; Revised Code, 3247.

The intervenors had no lien on the cotton in Mississippi by reason of having furnished supplies to raise it; because it is shown that such a right can only exist in Mississippi by virtue of a contract lien, duly recorded in the " contract lien book," in the circuit clerk's office, and no such contract has been produced by them.  Having no lien for supplies on the cotton in Mississippi, the intervenors did not certainly acquire one after it came into this State.

They produce, however, a chattel mortgage which the defendants gave them in March, 1867, on all the mules, farming implements, and the crops to be grown on their plantation in Washington county, Mississippi, to secure an indebtedness of $3000, for plantation supplies furnished and to be furnished by the intervenors to the defendants.

As a chattle mortgage is unknown to our law, it can not be enforced in this State.  Movables are not susceptible of being mortgaged.  Revised Code 3289.  We are not bound by the comity of nations to enforce a contract, which, if made here, could not defeat the rights ac-

quired by attachment under our own laws. See the case of Hughes, Hyllestead & Co. v. Klingender Brothers, 14 An. 845, and authorities there cited.

But the intervenors contend that by the laws of Mississippi the legal title of the property vested in them by virtue of the chattle mortgage, and therefore, as owners, they are entitled to the cotton or its proceeds.

This position contradicts their judicial admissions in the petition of intervention. Setting up no claim to the ownership of the thing, they allege "that your petitioners are entitled to the possession of said cotton as commission merchants, agents and factors;" and claiming that the defendants are indebted to them $3290, they pray judgment against the defendants for the amount "to be paid by lien and privilege out of the proceeds arising from the sale of said cotton." * *

The intervenors can not claim as owners of the thing, without contradicting their judicial admissions, which they can not do.

Our conclusion is that the judgment of the court below is correct.

Judgment affirmed.

Rehearing refused.