## No. 8186.

### SUCCESSION OF JOHN FRAZIER.

A testamentary executor, who is also a universal legatee, although he has been recognized by the Probate Court in the two capacities and ordered to be put in possession, can be compelled to give security under Article 1670, C. C., if he has continued to act as executor.

After the order to give bond has been rendered by the Court, the executor cannot, to prevent its execution, raise any issue as to the merit of the creditor's claim.

The giving of bond does not admit the creditor's claim, which may be afterwards contested in other proceedings.

APPEAL from the Twelfth Judicial District Court, parish of Grant. *Barbin*, J.

*R. J. Bowman* for Plaintiffs and Appellees:

In a rule to compel a testamentary executor to give bond and security, under Art. of R. C., the executor cannot contest the order of the probate judge, that he shall give security within thirty days from service.

Such an order is within the exclusive discretion of the probate judge is a mere conservatory proceeding, not subject to revision by appeal.

To permit the executor to refuse to obey, under the pretext of litigation, would be to defeat the very purpose of the law, as there would be no difference in the delay and expense between such a proceeding and in an action to recover judgment, and this delay would often consume years, and leave the succession unrepresented, or the executor free to waste its effects without security.

*Jack & Buckner* for Defendant and Appellant.

The opinion of the Court was delivered by

BERMUDEZ, C. J. John Frazier died in 1878, leaving a will by which he instituted his wife his universal legatee and appointed her the executrix thereof.

Shortly after, she was recognized by the court in both capacities, and was ordered to be put in possession.

Two years afterwards, parties claiming to be the heirs of John Waddill and, as such, to be creditors of the estate of John Frazier, who had served as surety on the bond of the administrator of their father's estate for upwards of twelve thousand dollars, presented a petition, sworn to, averring their claim and asking that the executrix be ordered to give bond under the provisions of 3710 R. S., which now form Art. R. C. C. 1670.

The court made an order directing the executrix to furnish a bond within thirty days, in favor of the petitioners, in a sum exceeding by one-fourth the sum of $12,980 63, or by one-fourth the amount of the inventory of the succession of John Frazier.

Mrs. Frazier, as surviving widow and *as executrix*, came into court and filed an answer, setting up seven grounds of defense, which it is un-

necessary to enumerate, but which assail the pretensions of the plaintiffs as creditors.

From a judgment sustaining the order to give bond, the executrix has appealed.

The portions of Article 1670, which applies to this case, read as follows:

"Any person having a claim for money against the succession, or claiming the ownership of specific property in possession thereof, whether such claim be liquidated or not, can compel the testamentary executor to give security for an amount exceeding by one-fourth the amount of money, or the appraised value of the property claimed.

"It shall be the *duty* of the judge, without further proceeding or delay, to issue his order commanding the testamentary executor to give the required security," etc.

As a rule, testamentary executors are dispensed from giving security, but to that rule, the law has made exceptions, within which the present case comes.

The record does not show that Mrs. Frazier has liquidated the estate of her husband, and has been legally put in possession of it as his universal legatee. The very appearance which she has entered in this case is in her capacity of *executrix*.

In order to vest the property of a succession in a universal legatee, who is at the same time testamentary executor, there must be some deliberate act on his part showing a purpose to take possession as such. Labatut vs. Prewett, 1 Woods, 144.

The action for a separation of patrimony can only be maintained where the heir has accepted unconditionally. 29 An. 445.

Until then the possession of the executor is for account of all concerned, whoever they be.

The objections made by the petitioners to the trial of the issues sought to be made by the executrix, were properly urged.

The law distinctly says that "no proceeding," under the provisions quoted, "shall decide in any manner the merit of the claim set up against the succession."

We consider that it was the right of the petitioners, although their claim was not liquidated, to provoke and obtain the order to give bond, which was issued, and that the executrix should have complied with it, without prejudice to any of her rights to contest in a proper action, the pretensions set up by the plaintiffs, either against the succession or against herself as universal legatee. 27 An. 347.

We find no error in the judgment appealed from. It is affirmed with costs.

Mr. Justice Levy recuses himself, having been of counsel.