No. 13,994.

MRS. C. M. AIKEN vs. MRS. JOHN H. ROBINSON.

SYLLABUS.

Exception of *res judicata* sustained.

APPEAL from the Civil District Court, Parish of Orleans—*St. Paul, J.*

---

The plaintiff prayed for judgment for twenty-five hundred and seventy-five dollars with interest. She alleged that on the 18th of August, 1897, she having been applied to by John H. Robinson, acting

on his own behalf as well as on behalf of his wife, for a sum of money wherewith to take up and pay certain mortgage notes, a judgment, taxes and insurance due by certain real estate, standing in the name of said husband and wife, she so consented and advanced therefor, and paid to the holders of the said securities standing upon the property, the sum of fifty-one hundred and fifty-one dollars.

That through error or inadvertence the mortgage given to secure said loan of $5150, so as to be used and so used as aforesaid was not signed by the wife of the said John H. Robinson, who thereafter sought to take advantage of same and prevent any recourse of petitioner against the property so benefited on behalf of his said wife.

That in an action instituted in the Civil District Court and appealed to the Supreme Court, a determination was had of the subject-matter then at issue and the court in said cause decided that inasmuch as no written power of attorney to the said John H. Robinson had been produced to the notary authorizing him to sign on her behalf, and as she had not signed said mortgage, that her property was not liable or responsible for the undivided one-half of the said sum of $5150, but that petitioner who had so paid the mortgage, which she had no interest otherwise to discharge, was entitled to reimbursement of the amount of such payment as an ordinary creditor of the said Mrs. John H. Robinson, for whose benefit the same was paid, and the right to claim the same was reserved in the premises.

Petitioner set out the various claims which she paid, declaring that her moneys were used in taking up and paying the mortgages and liens resting on the property, all of which would appear in a notarial act passed before Edward Rightor, notary, on the 18th of August, 1897. That Mrs. John H. Robinson, the defendant, was duly authorized to contract the several items of indebtedness so paid by petitioner, and the consideration thereof enured to her separate use and benefit, and without payment thereof, her interest in said property would have been seized and sold therefor.

Respondent set up as against plaintiff's demand an exception of *res judicata,* based upon two judgments. The first of these judgments was declared to be the judgment of the Supreme Court in the matter entitled Mrs. C. M. Aiken vs. John H. Robinson, and Mrs. Blanche Mallet, wife of John H. Robinson, vs. Mrs. Catherine M. Aiken, consolidated on the docket of said court under the number

13,180, wherein the same identical parties were litigating, and the same identical matters, things and facts were set up for determination, and were finally decided in favor of exceptor.

The second judgment pleaded in bar was the judgment of the Civil District Court for the Parish of Orleans, in the cause entitled Mrs. Catherine M. Aiken vs. Mrs. Blanche Mallet, No. 61,712 of the docket of that court, rendered on May 2, 1900, and signed on June 11, 1900, the same parties and the same issues of fact and law being then and there on trial and so decided. This exception was by the District Court referred to the merits.

Defendant answered, filing first the general issue. Further answering, she specially denied that the plaintiff, either at the time of the passage of the act of mortgage before Edward Rightor, notary public, described in plaintiff's demand or at any other time or place whatsoever, ever paid any notes or obligations or other indebtedness due by respondent; but, on the contrary, defendant expressly averred and showed that each and all of the payments made upon the occasion of the passage of the above mentioned act of mortgage were made by respondent's husband, John H. Robinson, with his own funds, which were without connection with or any species of relation to respondent.

Respondent further denied that her husband ever had any species of authority whatsoever as her agent, representative or otherwise, to act on her behalf in any of his said dealings or transactions with said plaintiff and specially that there was ever at any time in the contemplation of said plaintiff, or of her representative, W. P. Curtis, named in her said demand, any thought or intention of any act of mortgage in which respondent was to join with her said husband, but that on the contrary the act of mortgage described in said plaintiff's petition was made directly to and solely and exclusively with respondent's said husband, John H. Robinson, as his sole act and for his sole account.

Respondent expressly averred that she was in no manner party to the said act, was never authorized nor consented thereto, and was without legal knowledge of or connection with the same.

Further answering, respondent specially showed that all and singular, the foregoing facts had been expressly passed upon and decided as respondent herein contended in the certain causes No. 13,180 of the Supreme Court of this State, entitled Mrs. Catherine M. Aiken vs. John H. Robinson et al., reported in the Fifty-second Annual Report

of this State, on page 925 *et seq.,* and in Division "A" of this court in the certain cause entitled "Mrs. Catherine M. Aiken vs. Mrs. Blanche V. Robinson," No. 61,712 of the docket thereof,—all as was expressly set forth in the exception of *res judicata* hereinbefore filed by respondent and exceptor and which was now expressly renewed.

In view of the premises respondent prayed that there be judgment in her favor and against the said Mrs. Catherine M. Aiken that her exceptions of *res judicata* herein be maintained, and that the said plaintiff's demand might be dismissed at her costs. And for all such further and general aid, remedy and relief as the nature of the case might require or law and equity permitted.

The court rendered judgment in favor of the defendant, sustaining the plea of *res judicata* and plaintiff appealed.

*William S. Benedict,* for Plaintiff, Appellant.

*William S. Parkerson,* for Defendant, Appellee.

The opinion of the court was delivered by

NICHOLLS, C. J.   The judgment of the Supreme Court which the defendant in this case urges to support her plea of *res judicata,* is that which was rendered by us in the cause entitled Mrs. C. M. Aiken vs. John H. Robinson and Mrs. Blanche V. Mallet, wife of John H. Robinson, vs. Mrs. Catherine M. Aiken (consolidated), No. 13,180 of the docket, and which is reported in 52 Ann. 925.

The syllabus to that case is as follows: "The fact that money borrowed by the husband in his individual name and for which he gave his individual note, securing the same by mortgage on his wife's property, was employed by him in paying notes of his wife secured by mortgage on her property, created no liability by the wife, either personally or though her property, to the lender.  The payment by the husband of notes of the wife secured by mortgage on her property extinguished the mortgages and constituted her husband her creditor, but without subrogation to the rights of the mortgage creditor."

The plaintiff in that suit is also the plaintiff in the present suit. The former suit was the enforcement through executory process of a special mortgage which had been executed by John H. Robinson, the husband of the defendant, upon certain real estate in New Orleans, of which

Robinson and his wife each owned separately one undivided half. The indebtedness to secure which the mortgages were given were evidenced by the personal note of John H. Robinson.

The wife of Robinson enjoined the seizure and sale of the property, averring that she was the owner of one undivided half of the same; that the indebtedness to satisfy which the property was advertised for sale, if due at all, was the sole and exclusive debt of her husband, and that she was not liable or indebted to Mrs. Aiken as surety or endorser or in any way or for any amount whatever. She prayed that the sale of the property be enjoined and for such other further aid and remedy and relief as the nature of the case might require and law and equity permit.

The District Court rendered judgment recognizing that Mrs. Robinson was the owner of one undivided half of the property, but adjudged the same to be subject to the mortgage executed by John H. Robinson to an amount equal to one-half of the indebtedness for which the property was mortgaged. It ordered that the mortgage be enforced as against the moiety of the property belonging to John H. Robinson, subject to a deduction of *the sum so decreed to be due by his wife.*

Mrs. Robinson appealed and the judgment rendered by this court on that appeal is that set up as *res judicata.* After that judgment had become final without objection, the plaintiff instituted a suit in the Civil District Court on the 29th of March, 1900, against Mrs. John H. Robinson, alleging that she was indebted to her for the sums: first, of nineteen hundred dollars; second, for the sum of two hundred and fifty dollars; third, for the sum of one hundred and forty-two dollars and fifty cents; fourth, a certain sum paid to the Security Brewing Company, as per its judgment bearing judicial mortgage.

Plaintiff alleged "that the whole constituted one-half of an entirety of fifty-one hundred and fifty dollars, paid by petitioner's agent, William P. Curtis, to John H. Robinson and his wife in taking up and paying mortgages and claims then resting upon the property of defendant, and her said judgment to the various creditors' names and others, as would appear by reference to an act passed before Rightor, notary, under date of the 18th of August, 1897, and under which the said John H. Robinson made his note, secured by mortgage upon the said property, of which petitioner became owner."

To this demand the defendant pleaded *res judicata,* the basis of the

exception being the judgment of the Supreme Court above referred to.

The District Court on May 1st, 1900, sustained this exception and rendered judgment ordering, adjudging and decreeing that defendant's exception of *res judicata* be maintained, and that plaintiff's suit be dismissed with costs, reserving to plaintiff her right to demand in any appropriate form of action any indebtedness which defendant may be liable for, should there be any such in reality.

This judgment was not appealed from.

On the *19th of June, 1900,* the present suit was instituted by plaintiff against Mrs. Robinson. The demand which was met by an exception of *res judicata* has been hereinbefore stated and which, as also stated, was sustained, judgment to that effect having been rendered on April 19th, 1901.

The only difference between the allegations of plaintiff in her petition of the 20th of March, 1900, and those in her petition of the 19th of June, 1900, consist in her declaring in the former that the amount claimed by her from defendant was *paid by petitioner's agent, William P. Curtis, to John H. Robinson and his wife,* the defendant, in taking up and paying mortgages and claims then resting upon the property of said defendant and her husband to the various creditors named, and others, while in the present suit she declares that on the 18th of August, 1897, being applied to by *John H. Robinson, acting on his own behalf as well as on behalf of his wife, for a sum of money wherewith to take up and pay* certain mortgage notes due by certain real estate standing in the name of the said husband and wife, *she so consented* and advanced therefor, and paid to the holders of the claim the sum of fifty-one hundred and fifty dollars, but that through error or inadvertence, the mortgage given to secure said loan of $5150 so as to be used as aforesaid, was not signed by the wife of the said John H. Robinson, who thereafter sought to take advantage of same and prevent any recourse by petitioner against the property so *benefited on behalf of his wife.*

In the first of these two petitions, the money is said to have been "paid to John H. Robinson and his wife" in taking up and paying certain claims, and in the second, the money is said to have been advanced "to John H. Robinson, *acting* on his *own behalf* and in *behalf of his wife.*"

The plaintiff, referring in his petition to the judgment of this court

in suit No. 13,180, declares that the court therein held that "plaintiff, having paid the mortgages which she had otherwise no interest to discharge, was entitled to reimbursement of the amount of such payment as an ordinary creditor of Mrs. John H. Robinson, for whose benefit the sum was paid, and the right to claim such sum was reserved in the premises."

There is error in this statement. The court did not hold that the plaintiff had paid the mortgage and other claims due by Robinson and by his wife, but, on the contrary, that they were *paid by the husband, John H. Robinson,* though with moneys borrowed from Mrs. Aiken for that purpose. That by the payment so made by him, the husband (not Mrs. Aiken) became a creditor of the wife. That he was not a mortgage creditor, however, though the claims paid by him were mortgage claims, that he was not entitled to subrogation. So far from holding that the plaintiff paid these debts, we said that we noted the fact that Mrs. Aiken's agent (Curtis) did not actually place the money loaned by Mrs. Aiken into the hands of John H. Robinson, but gave checks amounting to the aggregate to the mortgage debts to the creditors holding the mortgages, and that in the act Curtis approved as last holders of these notes and declaring they had been paid, authorized the erasure of the mortgages and said: "We do not think the mere method of payment changed the actual facts. There is no doubt that Mrs. Aiken loaned John H. Robinson five thousand dollars, and received from him in representation of that loan the note which he executed at the time of the execution of the mortgage executing the note."

We made no reservation in the judgment in favor of Mrs. Aiken, but simply announced the legal situation and its results as matters were placed before us. We found the situation to be that the husband, John H. Robinson, personally for his own account, not pretending to act either as *negotiorum gestor,* or agent of his wife, borrowed five thousand dollars from Mrs. Aiken and in representation of the loan to him, gave her his personal note, which he secured by special mortgage on property, of which one-half belonged to him and the other half separately to his wife. That with the money borrowed, the husband paid and extinguished a number of mortgage claims, some of which were due by him and secured by mortgage on his property, and the others due by his wife and secured by mortgage on his property. That the notes were surrendered to the notary, and the mortgages authorized to

be cancelled. That through these transactions Mrs. Aiken became the creditor of John H. Robinson personally to the full amount of the amount loaned to him, which debt to her was evidenced by his individual note to her, secured by mortgage; the mortgage being valid to the extent it was granted on property belonging to himself and invalid in so far as it was granted on his wife's property. That through these transactions *John H. Robinson himself*—not Mrs. Aiken—became the creditor, but not the *mortgage creditor of his wife,* to the extent that he had paid her debts legally owing by her. (See Redwick vs. White, 46 Ann. 1207; Succession of Kernan, 105 La. 603; Succession of Landry, 25 Ann. 183.)

We are of the opinion that the demand of the plaintiff made herein when brought was closed by the prior judgments and that the plea of *res judicata* was properly sustained.

The judgment appealed from is therefore affirmed.