## No. 3315

### Second Circuit

---

## LAVIGNE v. LA. RY. & NAV. CO.

---

(November 8, 1928. Opinion and Decree.)
(December 19, 1928. Rehearing Refused.)
(January 28, 1929. Writ of Certiorari and
Review Refused by Supreme Court.)

---

Harry V. Booth and Hoye Grafton, of Shreveport, attorneys for plaintiff, appellant.

Wise, Randolph, Rendall & Freyer, of Shreveport, attorneys for defendant, appellee.

ODOM, J. On May 26, 1927, George Lavigne brought suit against the Louisiana Railway & Navigation Company for $21,-500.00, for personal injuries. Issue was joined by answer of the defendant on June 11, and the case went to trial on June 28, following. After the testimony had all been introduced and before judgment had been rendered, T. R. Hicks, on October 11, 1927, presented an application to the court setting up that he had purchased from the plaintiff, Lavigne, "all his right, title and interest in this suit, as will more fully appear by notarial act hereto annexed and made a part hereof, and he shows that he should be substituted as party plaintiff herein. Wherefore, he prays that an order issued by the Court, substituting him as party plaintiff herein, with all the rights of his vendor, the said George Lavigne." On the same day, the Judge of the District Court signed an order as follows:

"That T. R. Hicks be and he is hereby substituted party plaintiff herein."

The document referred to in Hicks' application to be substituted as party plaintiff in this suit and under which he had alleged that he purchased the plaintiff's rights therein, and which was annexed to and made a part of his application, is notarial in form and reads as follows:

"State of Louisiana,
"Parish of Caddo.
"Before me, the undersigned authority, personally came and appeared George Lavigne, who declared unto me that he does by these presents grant, bargain, sell, convey and assign unto T. R. Hicks all his right, title and interest in that certain suit on the Civil Docket of the First Judicial District Court in and for Caddo Parish, Louisiana, entitled George Lavigne vs. The Louisiana Railway & Navigation Company, bearing No. 45,803, on the docket of said Court, for and in consideration of the sum of Three Hundred, Fifty-eight and 82-100 ($358.82) Dollars, cash in hand paid,

receipt of which is hereby acknowledged. "Further conveying unto the said T. R. Hicks any and all his rights incidental to said suit of any nature whatsoever.

"Geo. Lavigne.

"WITNESSES:
"Hoye Grafton,.
"B. Cudd.

"Harry V. Booth,
"Notary Public."

On October 14, three days later, the defendant, Louisiana Railway & Navigation Company, in open court, tendered to the said T. R. Hicks the sum of $358.82, with five per centum interest thereon, this being the amount which the said Hicks paid for Lavigne's right, and asked for judgment releasing it from the suit and dismissing the same. The amount was deposited in open court, subject to the order of the said Hicks. The defendant railway company made this offer of payment and tender in pursuance of the provisions of Article 2652 of the Civil Code, which reads as follows:

"He against whom a litigious right has been transferred, may get himself released by paying to the transferree the real price of the transfer, together with interest from its date."

On October 17, the motion of defendant for judgment releasing it was argued before the Court and submitted on briefs to be filed. While the said motion was pending, the said T. R. Hicks, on October 18, filed what he termed an "answer" to the said motion in which he alleged that he was engaged in the grocery business in the city of Shreveport, and, during the months of July and August, 1927, he sold to the said George Lavigne groceries and meats on open account totalling the sum of $358.82; and that, whereas the said Lavigne did execute a notarial act transferring the said suit to him for the purported consideration of $358.82, cash in hand paid, yet the consideration was not in fact paid in cash, but was to cover the amount of Lavigne's indebtedness to him; and he prayed as follows:

"That this motion be set down for trial, and that upon trial hereof the notarial act before mentioned be reformed so as to show the true and correct consideration thereof, whereupon the defendant's motion be dismissed."

On the following day, October 19, Hicks filed a supplemental answer in which he alleged:

"Your mover further shows that the said notarial act evidencing a payment of cash was made through error and inadvertence and due to no fault on the part of your mover; that said instrument does not, as written, represent the true and actual contract between the parties and that the same should be reformed in order to show the actual agreement."

In neither of the so-called answers to the defendant's motion and application to be relieved from the suit was Lavigne, Hicks' vendor, made a party, nor was there any request on the part of Hicks that he be brought into Court.

On October 22, the said George Lavigne, who had transferred his claim to Hicks, filed in Court what he termed a "supplemental petition" in which he alleged that, whereas the notarial act of transfer recited a cash consideration of $358.82, yet, as a matter of fact, he transferred the claim to Hicks in satisfaction of a debt which he was due him; and he further set up that, subsequent to the institution of his suit against the railway company, some of his other creditors had obtained judgment against him and were about to seize all of his rights in the said lawsuit; and that his attorney advised him that the only way he could protect himself in the premises, and protect the said T. R. Hicks, was

to execute an instrument that would give the said Hicks security for his account; and that, in accordance with the above advice by his attorney, he executed and signed the notarial act above referred to; and he prayed that the said Hicks and the said Louisiana Railway & Navigation Company be ruled to show cause why the said notarial act should not be declared null and void insofar as the same purports to be a sale of said suit.

The defendant railway company filed an exception of no cause of action as against Lavigne's application, and, as against Hicks, it prayed estoppel. There was judgment in the lower court sustaining the exception of no cause of action and sustaining the plea of estoppel, and ordering that the defendant railway company be released from the suit. T. R. Hicks alone appealed.

## OPINION.

The only question before the Court, therefore, is whether T. R. Hicks, who purchased the rights of Lavigne in the said lawsuit, which is conceded to be a litigious right, is estopped to deny his judicial allegations to the effect that he purchased the said litigious right for a cash consideration.

Under the plain letter of Article 2652, the defendant railway company had a right to have itself released by paying to Hicks the real price of the transfer, together with interest from the time of the payment. In order to avail itself of that right, it tendered and deposited the full amount which Hicks alleged that he had paid for the claim. After the amount was thus tendered, and, while defendant's motion to be released was pending after argument, T. R. Hicks, the purchaser of the litigious right, attempted to avail himself of one of the exceptions contained in Article 2654 of the Civil Code, with reference to the right of the party against whom a litigious right has been transferred, to-wit:

"When such right has been transferred to a creditor as a payment for a debt due to him."

At the time the defendant railway company applied to be released from the lawsuit by paying to the transferree the real price of the transfer, its right to do so had fully accrued under the Article of the Code. It acted under this right and attempted to avail itself of this right. Under the pleadings and conditions, as they appeared at that time, and under the plain letter of the law, there was but one judgment the Court could render and that was to order Hicks to accept the tender, and the defendant released. Hicks had alleged in his application to be substituted as party plaintiff that he had purchased the lawsuit for $358.82, which he had paid in cash. Confronted with this situation and in order to extricate himself therefrom, Hicks sought to have the notarial act under which he purchased the suit "reformed", so as to show that, as a matter of fact, he had not paid cash for the claim, but that he was a creditor of Lavigne and that the transfer had been made to him in satisfaction of his claim, and thereby reap the benefit of Article 2654 of the Civil Code, which provides that:

"The provisions of Article 2652 do not apply * * * (2) when such right has been transferred to a creditor as a payment for a debt due to him."

In his efforts to have the said notarial act "reformed", he did not make Lavigne a party, which, we think, would have been necessary in order to reform the document.

But, aside from that, we think the District Judge correctly held that Hicks, under

the circumstances, was estopped to deny his judicial allegations that he had purchased the claim for a cash consideration. In order to avail himself of his right to be substituted as party plaintiff in this suit, he judicially alleged the fact to be that he had paid cash for the claim, and filed the notarial act evidencing the transfer. The general rule is that "he who judicially asserts a fact as a basis of a right, can not afterwards change his position and assert the contrary."

F. & T. Insurance Co. vs. DeBlanc, 31 La. Ann. 100;

Folger vs. Palmer, 35 La. Ann. 743;
Bender vs. Belknap, 23 La. Ann. 764;
Walker vs. Walker, 37 La. Ann. 107;
Succession of Frazier, 33 La. Ann. 593;

State of La. ex rel. Breaux vs. Judges of Court of Appeal for Parish of Orleans, 34 La. Ann. 1220;

Denton vs. Erwin et al., 5 La. Ann. 18;
Delop vs. Windsor et al., 26 La. Ann. 185;
Gridley et al. vs. Conner, 4 La. Ann. 416.

In Gaudet vs. Gauthreaux, 40 La. Ann. 186, 3 So. 645, it was held that the law holds parties to their allegations of record and does not permit them to falsify what they have solemnly declared to be a fact.

"The judicial confession is the declaration which the party, or his special attorney in fact, makes in a judicial proceeding." C. C. 2291.

Hicks alleged in one of his so-called answers to defendant's motion to be relieved, that the stipulations in the said notarial act with relation to the cash payment were inserted through error, but he did not state whether of law or of fact. If one of law, he can not be relieved; and it is inconceivable that his allegations were made in error of fact, because, being a party to the act, he knew the real consideration for the transfer. An error of fact is one "which proceeds either from ignorance of that which really exists, or from a mistaken belief in the existence of that which has none." C. C. 1821.

Counsel for Hicks has cited many authorities which he thinks support his contentions and, among them, the case of Farley vs. Frost-Johnson Lumber Company, 133 La. 497, 63 So. 122, L. R. A. 1915A, 200 Ann. Cas. 1915C, 717, where the late Justice Provosty cited and reviewed practically all the cases relating to judicial estoppel, and finally concluded that Weaver & Johnson, the warrantors, were not concluded by the allegations made in a former suit which had in no way been acted upon by the plaintiffs. There is also cited the case of Maddox vs. Robbert, 158 La. 394, 104 So. 183. These cases, as practically all others which might be cited, turn on the particular state of facts under consideration. As was stated by Justice Provosty in the case of Farley vs. Frost-Johnson Lumber Company, supra, our jurisprudence on the question of judicial estoppel is in an unsatisfactory condition. It suffices to say, however, that the Court has never said that there is no such principle in our law as judicial estoppel. Under the circumstances of the present case, we think Hicks is judicially estopped to deny that he purchased this litigious right for a cash consideration.

It is therefore ordered, adjudged and decreed that the judgment appealed from be affirmed, with costs in both courts.