No. 3553

Second Circuit

LAVIGNE (Hicks, Substituted Plaintiff)
v. LOUISIANA RY. & NAV. CO.

(November 18, 1929.  Opinion and Decree.)
(December 31, 1929.  Rehearing Refused.)
(January 30, 1930.  Writ of Certiorari and
Review Denied by Supreme Court.)

Harry V. Booth and Hoye Grafton, of Shreveport, attorneys for plaintiff, appellant.

Wise, Randolph, Rendall & Freyer, of Shreveport, attorneys for defendant, appellee.

## ON MOTION TO DISMISS APPEAL

ODOM, J.  The motion to dismiss the appeal was filed more than three days after the transcript was lodged here, and counsel for appellant urges the objection that the court should not entertain the motion for that reason.

If the grounds of the motion to dismiss were that the record is incomplete or that there were informalities in the record or bond, counsel's point would be well taken. But the motion is founded on want of legal right to appeal; where such grounds are set up, the motion may be filed at any time.  Cockerham vs. Bosley, 52 La. Ann. 65, 26 So. 814; Mutual Life Ins. Co. vs. Houchims et al., 52 La. Ann. 1137, 27 So. 657; James vs. Fellowes et al., 23 La. Ann. 37.

Appellee moves to dismiss the appeal on the grounds that the issues involved were decided by this court on November 8, 1928, which judgment is long since final, and that the matter is now res adjudicata.

In a second motion to dismiss, filed at the same time, it is urged that the appeal should be dismissed "for the reason that the question presented by the appeal has become a moot question by reason of a suit and cause of action having been finally disposed of by this court and certiorari refused by the Supreme Court."  See Lavigne v. Louisiana Ry. & Nav. Co., 9 La.  App. 509, 121 So. 251.

The case was originally brought to this court on appeal by T. R. Hicks, who, upon his application, was substituted as plaintiff. The judgment rendered on that appeal, which became final nearly a year ago, and about two months before the present appeal was taken, has unquestionably forclosed plaintiff's rights against the appellee.

It is unnecessary to again detail the facts and circumstances involved, as they are all set out in our former opinion. Suffice it to say that, after plaintiff's case had been tried, but before judgment, T. R. Hicks presented an application to the district court setting up that he had purchased all the plaintiff's right, title and interest in the suit, as per a notarial transfer signed by plaintiff, attached to and made part of his application, asking that he be substituted as party plaintiff with right to prosecute the suit to final conclusion. The district court promptly signed and entered the order making the substitution. The notarial act of transfer signed by plaintiff and made part of Hicks' application recited a cash consideration of $358.82. Three days after Hicks was substituted as party plaintiff, the defendant tendered to him in open court that amount, with interest, and asked to be relieved, pursuant to the provisions of article 2652 of the Civil Code. The court rendered judgment as follows:

"It is ordered, adjudged and decreed that the motion of defendant to be released from further liability in this cause upon its tender made in Court, be sustained, and that the demands of the plaintiff, over and above the amount tendered by defendant, be rejected and this suit dismissed at plaintiff's costs."

Hicks appealed from that judgment and it was affirmed, and, as already stated, the judgment is long since final. The defendant has therefore passed out of the case; it has been relieved of further liability by final judgment. Plaintiff therefore has nothing to gain by his present appeal. More than that, the judgment rendered on Hicks' appeal is res adjudicata as to Lavigne, this appellant. Hicks was substituted as party plaintiff for Lavigne on October 11, 1927. Three days later, the defendant by written application setting out the facts, asked that it be released upon its tender of the amount stipulated as the cash consideration for the transfer. Hicks, through his attorney, Booth, filed what was termed an answer to the application, in which he set up that, whereas the notarial transfer recited a cash consideration, in truth, the consideration for the transfer was a debt, and asked that he be relieved from the effects thereof, under article 2654 of the Civil Code. On the following day, he filed a "supplemental answer" in which he alleged that said instrument was signed through error. The last pleading was filed on October 19th. Now, immediately following, Lavigne, the original plaintiff and present appellant, came into court, through Harry V. Booth, attorney, and filed what was styled a "supplemental petition," asking that Hicks and defendant be ruled to show cause why the notarial instrument transferring the suit to Hicks should not be decreed null, because signed by him through error, both of law and fact; setting up substantially that during the progress of the suit, he was pursued by creditors who threatened to seize his interest in the suit, and that he was advised by his attorney, Booth, that, in order to defeat his creditors, he should shift this lawsuit over to Hicks, or, as he understood it, give Hicks a lien upon it, and that he signed the instrument with that end in view.

When Lavigne filed this pleading, Hicks had already been substituted as plaintiff,

and was at that moment in court prosecuting it. But Lavigne did not ask that the order be set aside, nor did he ever do so. Defendant tendered an exception of no cause of action to Lavigne's pleading, which was sustained by the court, and the present appeal is from that ruling.

Now we have said that the judgment on Hicks' appeal is res adjudicata as to Lavigne. We so hold, because it is too plain for argument that all through Lavigne and Hicks have worked together, hand in glove. In all the manipulations and dickerings over this suit from the day they got together, and through the advice of Booth, who represented both, and made the transfer to defeat Lavigne's creditors and to favor Hicks, on through all the litigation down to final judgment on Hicks' appeal, and to the Supreme Court on application for a writ of review, they have fought a common cause; their interests are identical; they are parties inseparable. In interest, they are palpably one and the same. When Lavigne filed his pleading in court, it was "the hand of Esau but the voice of Jacob." They have been led all through these proceedings by the same hand. Mr. Booth brought the suit for plaintiff and conducted the trial. He advised the transfer of the suit and wrote the transfer; he represented Hicks in his application to be substituted as party plaintiff; he represented him in all his efforts to avoid the consequences of the notarial instrument; when he lost in the lower court, Booth appealed for him and represented him in this court and in his application to the Supreme Court for writs. He also represented Lavigne, as attorney, in filing this pleading; he represented Lavigne in taking this appeal; and he is before the court now prosecuting the appeal. His name is signed to every paper filed in this court and in the court below, either °or Lavigne or Hicks. The instruments which they filed show a common interest. When the court ruled against Lavigne, he took no appeal, but his attorney, Booth, appealed for Hicks, and, after Hicks had finally lost, then Booth took this appeal for Lavigne.

The issues presented in this appeal are substantially the same as those presented in the Hicks appeal, and there is substantial identity of parties. Further pursuit by Lavigne is precluded by our former decree. Aiken v. Robinson, 108 La. 267, 32 So. 415; State v. American Sugar Ref. Co., 108 La. 603, 32 So. 965. See authorities La. Digest, vol. 4, pp. 369-371.

The motion to dismiss the appeal is sustained.

Appeal dismissed, at appellant's costs.