LANDRY, Judge.
This is an expropriation suit instituted by the: State of Louisiana, through the Department of Highways, pursuant to the authority of LSA-R.S. 48:441 et seq., to condemn certain property of defendant, Vincent Cefalu, for highway purposes. The matter is presently before us on the motion of plain *659 tiff-appellee to dismiss the appeal of defendant-appellant, appellee’s said motion to dismiss being predicated upon the contention that appellant is without right of appeal herein by virtue of appellant’s alleged failure to timely answer appellee’s petition of expropriation in the lower court and request an increase in valuation of the property expropriated.
On November 12, 1957, plaintiff-appellee filed a petition herein expropriating in its entirety, a certain parcel of land belonging to defendant-appellant. Personal service of the notice of expropriation was made on appellant on November 13, 1957. A year later, on November 13, 1958, plaintiff petitioned for final judgment requesting determination by the trial court that the deposit made by appellee constituted just compensation for the property expropriated. Plaintiff’s petition for final judgment further alleged that defendant having failed to answer the petition of expropriation within 30 days of service of notice of expropriation upon him, (the record indicating that defendant’s answer was not filed until July 30, 1958), under the provisions of LSA-R.S. 48:450, waived any and all rights which defendant may have otherwise had to seek additional compensation for the property in question.
Plaintiff’s motion for final judgment was denied by the lower court which held that even though defendant’s answer was not filed within the 30 day period provided for in LSA-R.S. 48:450, defendant nevertheless was entitled to a hearing on the question of just compensation. Following trial on the merits the district court rendered judgment in favor of plaintiff granting the final judgment of expropriation prayed for, awarding defendant compensation in the amount deposited by plaintiff upon the filing of the condemnation proceeding and casting defendant for all costs. From the aforesaid adverse ruling defendant property owner has taken this appeal.
In addition to moving for dismissal of the present appeal on the ground that defendant did not timely answer the notice of expropriation and pray for an increase in the value of property condemned, plaintiff has, in this court, filed what is designated as an exception of no right or cause of action in opposition to defendant’s asserted right to trial on the issue of valuation, said exceptions being founded on the exact same grounds as plaintiff’s motion to dismiss defendant’s appeal.
In support of the aforesaid exceptions and motion to dismiss, learned counsel for plaintiff cites and strongly relies upon State v. Higgins, La.App., 135 So.2d 306 and State v. Jackson Brewing Company, La.App., 146 So.2d 504, both decided by our brothers of the Court of Appeal, Fourth Circuit. The cited authorities hold that the 30 day period for answering a notice of expropriation provided for in LSA-R.S. 48:-450 is a mandatory requirement. These authorities further hold that a landowner whose property is expropriated must answer within 30 days of service of the notice of expropriation if he desires to claim compensation in excess of that deposited in court by the expropriating authority otherwise he is presumed to have waived all rights for further compensation for the property taken. Our careful analysis of the cited cases reveal, however, that neither was decided upon a motion to dismiss an appeal from the judgment of a trial court.
We note further that the Higgins case, supra, was decided upon appeal by the owner who therein complained that the trial court erroneously sustained the state’s contention that failure to answer within 30 days of service of expropriation constituted waiver and forfeiture of the owner’s right to seek additional compensation. In the Jackson Brewing Company case, (a copy of which opinion is attached to appellee’s brief), we observe that the matter was before the Fourth Circuit upon plaintiff’s appeal from the judgment of the lower court denying plaintiff’s petition for final judgment and increasing the compensation due the defendant landowner from the sum of $30,205.00 deposited by plaintiff to $75,000.-00.
*660 Assuming, arguendo, we are in agreement with the pronouncements appearing and the results reached in the aforesaid authorities relied upon by counsel for appellee, for reasons hereinafter expressed, we believe that neither of the cited cases is determinative of the issue at hand.
Our jurisprudence is well established to the effect that appeals are favored in law and will not be dismissed except for substantial causes provided for by law. Wischer v. Madison Realty Co., 242 La. 334,
136 So.2d 62. Unless grounds urged for dismissal of an appeal are clear and free from doubt, the appeal will be sustained. McCann v. Todd, 201 La. 953, 10 So.2d 769.
The following are some instances in which appeals have been dismissed upon the finding that no right of appeal existed: the appeal having been previously heard, the matter was res judicata, Lavigne v. Louisiana Ry. & Nav. Co., 12 La.App. 275, 124 So. 609; appellant confessed judgment or acquiesced therein, Greater New Orleans Homestead Ass’n v. Korner, 171 La. 587, 131 So. 680; Sample v. Wheless, 159 La. 844, 106 So. 325; the appeal was for the purpose of reinstating a previously abandoned appeal, In re Gem Co., Inc., 162 La. 416, 110 So. 635; the appeal was from a nonappealable interlocutory order, Mercadel v. Mercadel, 179 La. 895, 155 So. 391; Thompson v. Walker, La.App., 37 So.2d 614; the appeal presents a moot question, City of Lake Charles v. Nope, La.App., 92 So.2d 144; Harris v. Halligan, La.App., 25 So.2d 111; the appeal was taken after expiration of the time for taking an appeal, Munsch v. Rinkus, La.App., 109 So.2d 101.
It is of the utmost importance to recall that the present appeal is by the defendant landowner. Plaintiff herein has not seen fit to appeal the judgment of the trial court rejecting and dismissing plaintiff’s motion for final judgment. The appeal before .us is that of the property owner who complains of .error in the judgment of the trial court rendered adversely to him after trial on the merits of the issues involved. Defendant is clearly entitled to appeal such a judgment. Defendant property owner having raised the issue of compensation and having provoked a trial therein, in a sense became plaintiff in the instant matter and, in this regard, it may be properly stated that his right to sue is at' issue herein. It has been held, and in our opinion correctly so, that the right to sue cannot be determined on a motion to dismiss an appeal from a judgment which in effect dismissed plaintiff’s suit. Borden v. Louisiana State Board of Education, 168 La. 1005, 123 So. 655.
Although plaintiff did not appeal the judgment of the trial court rejecting its motion for final judgment, learned counsel for ap-pellee in substance argues that no appeal should lie herein because the trial court erred in permitting evidence of value to be received. In this connection it is contended, in substance, that since defendant-appellant did not timely answer he has waived all right to additional compensation; that under the Higgins and Jackson Brewing Company cases, supra, defendant was precluded from offering evidence of value and finally, that since defendant was without right to offer evidence on the question of compensation he has no right of action against plaintiff to seek additional compensation and no right of appeal from the judgment of the trial court rejecting his claim.
Assuming appellee’s argument to be well founded, it does not necessarily follow that the present appeal should be dismissed. To dismiss an appeal under such circumstances is tantamount to dismissing an appeal on a matter relating to the merits of the case. Further assuming the learned trial judge had granted plaintiff’s motion for final judgment and declined to hear the evidence of value proffered by defendant, we do not believe it could be soundly and logically argued that defendant was not entitled to an appeal therefrom. Granting also the cited cases were decisive of the issue presented by defendant’s appeal from a judgment of the lower court sustaining plaintiff’s motion for final judgment such *661 circumstance would constitute no basis for dismissal of the appeal but merely precedent upon which to affirm the judgment appealed. The existence of authority contrary to a position taken by a litigant has no bearing upon his right of appeal but address themselves (whenever the attending circumstances indicate) solely to the question of whether or not the appeal might be considered frivolous.
We do not wish the foregoing remarks to be understood to mean we consider the instant appeal frivolous. On the contrary, we believe the position of appellant herein is well taken for the reasons hereinabove set forth.
Moreover, appellee’s contentions fail to take into consideration a paramount circumstance which we believe clearly distinguishes the case at bar from State v. Higgins, supra, and State v. Jackson Brewing Company, supra, namely, appellant herein stoutly maintains that the notice of expropriation is fatally defective in certain alleged respects and consequently, in legal contemplation constitutes no notice at all. Such an issue clearly concerns the merits of appellant’s position and as such is a matter which may not be disposed of upon a motion to dismiss the appeal. If astute counsel for appellant is correct in his contention that the notice of expropriation was so faulty as to constitute no notice at all, it follows that the disputed answer was timely filed, the issue of just compensation was properly raised by appellant and the decision thereon adverse to appellant is appeal-able.
Article 2162 LSA-C.C.P. provides that an appeal may be dismissed at any time if there is no right of appeal and also by consent of the parties, by abandonment of the appeal or for lack of jurisdiction. The foregoing causes or instances of dismissal are in addition to the rule permitting dismissal upon motion timely filed, because of procedural irregularity, error or defect. According to the redactor’s notes Article 2162, supra, makes no change in the law respecting appeal. The case at bar does not fall into any of the foregoing categories.
For the reasons hereinabove set forth, appellee’s exceptions of no right and no cause of action and motion to dismiss the appeal are hereby denied and overruled.
Motion to dismiss denied.
HERGET, J., not participating.