JANVIER, Judge.
This is a suit to quiet a tax title. It is brought under authority of Act 277 of 1952 which amends section 2228.1 of Title 47, Chapter 5 of the LSA-Revised Statutes.
The property is unimproved and unfenced and is described as follows:
“A certain portion of ground situated in the Seventh Ward, Third Municipal District, City of New Orleans, designated as Square 1180, Lot 14, bounded by New Orleans, London, Miro and Tonti Streets and measuring thirty feet (30') on North Miro Street by a depth and front on New Orleans Street of 116 feet.
“Being the same property acquired by Chris R. Valley from the City of New Orleans for Tax Sale for the year 1930, assessed in the name of Hypolite Paul, as per act passed before Jacob H. Morrison, Notary Public, dated November 29th, 1949, and registered in COB 567, Folio 666.”
On April 19, 1934, it was adjudicated to the City of New Orleans for nonpayment of City taxes for the year 1930. In November, 1949, the property was offered for sale at public auction by the City of New Orleans. In the advertisement which was made once a week for four weeks, it was stated that it was offered for sale in accordance with the provisions of Act 112 of 1938, LSA-R.S. 33:2861 et seq. At the sale the highest bidder was Chris R. Valley, and on November 29, 1949, by act before Jacob Morrison, notary public, the adjudication to Valley was confirmed. That act was registered in C.O.B. 567, Folio 666, on December 6, 1949.
In the act which was passed before Morrison it was stated that the sale to Valley had been made under authority of “Louisiana Revised Statutes No. 47, Sec. 2180-’85,” the source of which is Act 170 of 1898.
The tax debtor at the time of the accrual of the taxes and at the time of the adjudication to the City was Hypolite Paul.
On July 11th, 1951, by act before Joseph V. Bologna, notary public, Chris R. Valley, to whom the property had been transferred by the City, transferred the property to Miss Ruth Evelyn Ventress, who is the present plaintiff. The defendants, it is *615 conceded, acquired any rights which they may have, if any, as heirs or assigns of the said Hypolite Paul.
To this suit to quiet title defendants filed exceptions of no cause of action, basing their exceptions on the contention that since the property had been sold by the City to Chris R. Valley expressly under the authority of LSA-R.S. 47:2180-85, the said Valley in fact acquired no title to the property, since that statute had no application to such a sale. Thereupon Jacob Morrison, the notary public who had passed the act of sale from the City of New Orleans to Valley, passed a notarial act of correction reciting that whereas in the act of November 29, 1949, it was stated that the sale to Valley had been made under authority of LSA-R.S. 47 :- 2180-85, it had in fact not been made under authority of that section of the Revised Statutes, but had been made in accordance with the provisions of Act 112 of 1938.
Counsel for defendants, still relying on the exception of no cause of action, then asserted that the transfer by the City of New Orleans to Valley could not have been made under authority of Act 112 of 1938, since that statute has application only to sales made by municipalities other than the City of New Orleans, such sales made by the City of New Orleans being controlled by the special statute, Act 155 of 1894, LSA-R.S. 47:2191.
This contention is based on the decision of our Supreme Court in State ex rel. Warren Realty Co., Inc., v. City of New Orleans, 226 La. 297, 76 So.2d 308, in which the Court considered the Act No. 112 of 1938, which appears as LSA-R.S. 33:2861-76, and said that that section of the Revised Statutes has no application to a sale by the City of New Orleans since that is a general statute and since there is a special statute, Act 155 of 1894, LSA-R.S. 47:2191, which controls such sales by the City of New Orleans.
There is no doubt that that is exactly what was decided by the Supreme Court in the Warren Realty Co. case. The Court however also said that, regardless of the statute under which the sale was purported to have been made, if, as a matter of fact, the method of procedure had been in accordance with the proper statute, the sale would have been valid. But the Court said that since, in the record then before it, it did not have sufficient facts to determine whether the proper method had been followed, the matter should be remanded to the District Court in order that such evidence as might be available might be presented.
In the case at bar it can be determined from the record which is before us that the requirements of the statute of 1894 were not complied with, for the reason that that statute requires an advertisement for thirty days, whereas the sale at which Valley was the successful bidder was made after an advertisement once each week for four weeks.
Plaintiff seeks to overcome the effect of the decision of the Supreme Court in two ways: First, counsel say that the Act of 1894 has been expressly repealed. This is made evident by reference to section 1, Act 626 of 1952, p. 1431, which now appears as section 2191, Title 47. LSA-R.S. And, second, it is said that whether or not the original sale was valid no longer may such invalidity be relied on by the defendants, since registration of the sale to Valley was made more than five years before the filing of the suit to quiet title and since, during that period of more than five years, none of the defendants was in possession of the property in question. The contention of plaintiff on this point is that, because' of the effect of LSA-R.S. 47:2228.1, when there is a suit to quiet a tax title and more than five years have elapsed since the registration of the deed and the original owner or his heirs or assigns have not been in possession of the property during the five years, there are only two defenses which may be made: (1) that the taxes for which the property was adjudicated were paid, and (2) that there has been a redemption of the property subsequent to the ad-, judication.
*616 The decision of the Supreme Court in the Warren Realty Company case plainly holds that such a procedure as was followed here is not the correct procedure. But it should be noted that that was not a suit to quiet title brought under the special statute, LSA-R.S. 47:2228.1. That was a mandamus proceeding which the adjudicatee brought to compel the City “to deliver to it a deed * * *•” The Court held that the sale was not controlled by the act under which it was purported to be governed and that the City could not be compelled to deliver title under that statute. But the question before us is not whether the sale to Valley was controlled by the Act of 1894 or by the Act of 1938, but whether, because of the effect of the statute authorizing suits to quiet title, it may be contended by defendants that the sale to Valley was not made under the proper statute.
Counsel for plaintiff argue that the sale by the City to Valley was properly made in accordance with the provisions of Act 112 of 1938. They say that this is true in spite of the decision of the .Supreme Court in the Warren Realty Company case, and they direct attention to the fact that in the opinion in that case it was stated that the Act of 1894 “appears never to have been repealed or superseded.” Counsel say that, as a matter of fact, that act, LSA-R.S. 47:2191, was expressly repealed by Act 626 of 1952 and that, if the repeal had been called to the attention of the Supreme Court no doubt the Court would have held that, since that special statute of 1894 had been repealed, the general statute of 1938 would have controlled such sale.
We cannot accept that argument. What the Supreme Court meant was that, at the time of the sale by the City in the Warren Realty Co. case, the statute of 1894 was still effective, that at that time it had not been repealed or superseded; that the repeal later could not be given retroactive effect. That may also be said here. The sale here was in 1949 and the repeal of the statute of 1894 came only in 1952.
However, the other contention of plaintiff is sound. The defense that the sale by the City to Valley was made under the wrong statute is no longer available to defendants. More than five years elapsed between the registration of the deed to Valley and the filing of his suit to quiet title, and during that period none of the defendants was in possession of the property. Paragraph E of Act 277 of 1952, as we have already stated, provides that in such situation there are only two defenses available to the original owner or his heirs or assigns — payment of taxes for which it was adjudicated or redemption since adjudication. See Doll v. Mallard, La.App., 77 So.2d 39, and Bauswell v. Favret, La.App., 78 So.2d 213.
Our conclusion is that plaintiff is entitled to the quieting of her title and accordingly the judgment appealed from is affirmed.
Affirmed.
McBRIDE, J., takes no part.