120 So.2d 78

John NERO

v.

Edward BERGIN et al.

No. 44142.

April 25, 1960.

Herman & Herman, A. I. Kleinfeldt, New Orleans, for plaintiff-appellant.

Chester J. Ford, New Orleans, curator ad hoc for defendant absentees-appellees.

HAMITER, Justice.

In this action the plaintiff, John Nero, seeks to have confirmed and quieted his title to a certain parcel of ground, together with the improvements thereon, located in the City of New Orleans. Annexed to his petition are conveyance instruments which evidence that the property was adjudicated to the City of New Orleans for unpaid taxes of 1931 (the deed was executed and recorded in July, 1935) and that subsequently such city sold the property to plaintiff, at public auction, for $2,100. The deed respecting the latter sale, made pursuant to the provisions of Act 112 of 1938, was executed and recorded in July, 1946.

Alleging that one Edward C. Bergin and numerous other named persons owned the property in indivision at the time of the tax sale plaintiff, on December 26, 1957, filed this suit and impleaded all of such co-owners as parties defendant. And he obtained the appointment of a curator ad hoc to represent such defendants inasmuch as, according to his allegations, they and their residences were unknown to him notwithstanding that he had made a diligent search to find them.

In answering, the curator ad hoc averred only that "for want of information to justify belief respondent denies all the allegations of plaintiff's petition and calls for strict and documentary proof thereof."

Thereafter, trial was held in which plaintiff introduced evidence showing, among other things, that the former owners (the tax debtors) had not been in possession of the property at any time following the tax sale in 1935; and that he (plaintiff) has actually, physically and continuously possessed it since 1946.

At the trial's conclusion the curator ad hoc presented an exception of no cause of action directed at plaintiff's petition. Thereunder, he contended that since the sale by the City of New Orleans to plaintiff was made pursuant to Act 112 of 1938, LRS 33:2861 et seq. (as recited in the deed), instead of in accordance with Act 155 of 1894, LRS 47:2191 (then in force and effect, but subsequently repealed by Act 626 of 1952), such conveyance was an absolute nullity. And cited in support of such contention were State ex rel. Warren Realty Company, Inc. v. City of New Orleans, 226 La. 297, 76 So.2d 308; Warren Realty Company, Inc. v. Sibley, 229 La. 456, 86 So.2d 101 and Ventress v. Thomas, La.App., 91 So.2d 614.

The trial judge sustained the mentioned exception of no cause of action and dismissed the suit. The judgment further decreed that the fee of the curator ad hoc be fixed at the sum of $100, taxed as costs, and paid by plaintiff. This appeal followed.

The instant proceeding is authorized by Act 277 of 1952 which amended and re-enacted Act 476 of 1950 (LRS 47:2228.1). The purpose of the legislation, which is clearly shown by the title to the 1950 statute, is: "To provide a form of proceeding to quiet titles to property purchased from the State, or any political subdivision thereof, which property had been previously adjudicated to the State or a political subdivision thereof for nonpayment of taxes."

Further, the amending statute of 1952, in Section 1(A), first recites: "The form of proceeding to quiet titles to property purchased from the state, or any political subdivision thereof, which property had been previously adjudicated to the state or a political subdivision thereof for nonpayment of taxes, shall be as follows:

"After the recordation of the patent or deed in the conveyance records of the par-

ish where such property is situated, the purchaser, his heirs or assigns, may institute suit by petition and citation as in ordinary actions against the former owner of the property who was the record owner of the property at the time of * * * the adjudication of the property to the state or any political subdivision thereof for non-payment of taxes, in which petition must appear a description of the property, mention of the adjudication to the state or a political subdivision thereof, reference to the book and page of the conveyance records in which the deed of said adjudication has been recorded and the date of recordation, mention of the sale by the state or its political subdivision of said adjudicated property and reference to the book and page of the conveyance records in which the patent or deed of sale by the state or its political subdivision has been recorded and the date of recordation, notice that petitioner is owner of said property by virtue of said patent or deed of sale by the state or its political subdivision or by virtue of an acquisition emanating from the purchaser under said patent or deed of sale by the state or its political subdivision, and praying that the title to the said property be confirmed and quieted."

Next, the 1952 Act designates where, when, and against whom the action is to be brought; and it makes provision for the citing of the tax debtor, his heirs and as-signs. (The plaintiff here has fully complied with all of the statutory requisites.)

Then Section 1(E) of such statute provides: "If the suit to quiet title is filed more than five years after the date of registration of the deed of the adjudication to the state or any political subdivision thereof, for non-payment of taxes, in the conveyance records of the parish in which the property is located, and more than five years since the record owner or his heirs or assigns or heirs of said assigns as aforesaid have had physical possession of said property, *the only defense available to the defendant shall be proof by him of the payment of the taxes for which the property was adjudicated to the state or any political subdivision thereof prior to the date of said adjudication or redemption subsequent to said adjudication.* In all cases there shall be a prima facie presumption that the defendant has not had physical possession of the said property from the date of the registration in the conveyance records of the deed to the state or any political subdivision as aforesaid." (Italics ours.)

The instant suit, as aforeshown, was instituted more than five years after the date of the registration of the deed evidencing the adjudication to the City of New Orleans for unpaid taxes of 1931 and also more than five years since the tax debtors (the record owners, their heirs or assigns) had physical possession of the property. Moreover, it has not been proved, nor even

contended by the defendants, that the taxes for which the property was sold were paid prior to the adjudication to such city or that there was a redemption subsequent thereto. Consequently, and pursuant to the above recited statutory provisions, plaintiff is entitled to have confirmed and quieted his title to the property which he purchased from the City of New Orleans.

It is to be noted, of course, that in Ventress v. Thomas, supra (which involved a factual situation almost identical to the one here), the Court of Appeal for the Parish of Orleans (on rehearing) reached a conclusion contrary to that above announced and that therein we refused to grant a writ to review the ruling. But we are now of the opinion that the final decision in that case was erroneous, the error having resulted from a misunderstanding of the purpose, as well as from a misconstruction of the provisions, of the involved Act 277 of 1952.

The decisions in the two above mentioned Warren Realty Company, Inc. cases (relied on by the curator ad hoc) are not at variance with our holding herein. Neither suit had for its purpose the quieting of title as authorized by Act 277 of 1952. In fact, there did not even exist in either case a recorded deed in favor of the plaintiff respecting the property involved.

For the reasons assigned the judgment appealed from is reversed and set aside insofar as it maintained the exception of no cause of action and dismissed the suit. And there is now judgment overruling such exception and confirming and quieting the title of plaintiff, John Nero, to that certain lot of ground and improvements thereon situated in the Second District of the City of New Orleans designated as Lot No. 4 in Square Nos. 200–201, bounded by Esplanade, Robertson, Claiborne, Barracks and Governor Nicholls Streets, and measuring 30 feet front on Esplanade by 120 feet in depth. In all other respects the judgment is affirmed.