165 So.2d 900 (1964)
Joseph Edmond QUINETTE, Jr., Mrs. Lillian H. Quinette, Wife of L. T. Smith, and Mrs. Lillian Barbara Collins, Widow of Joseph Edmond Quinette,
v.
Harold J. DELHOMMER and Louisiana Power & Light Co.
No. 1462.
Court of Appeal of Louisiana, Fourth Circuit.
June 1, 1964.
Rehearing Denied July 15, 1964.
*902 Kepper, Moulin & Kepper, Stewart J. Kepper and James J. Morrison, New Orleans, for plaintiffs and appellants.
Monroe & Lemann and Walter J. Suthon, Jr., New Orleans, for Harold J. Delhommer, defendant and appellee.
Monroe & Lemann, Melvin I. Schwartzman, Andrew P. Carter, Eugene G. Taggart and James D. Johnson, Jr., New Orleans, for Louisiana Power & Light Co., defendant and appellee.
Before McBRIDE, REGAN and YARRUT, JJ.
McBRIDE, Judge.
Alleging themselves to be legatees under the last will and testament of Joseph Edmond Quinette, Sr., said decedent's widow and two of their five children (the other three not joining) bring this suit against Harold J. Delhommer (Quinette's son-in-law) and Delhommer's transferee, Louisiana Power & Light Company, to set aside and avoid the sale made on November 29, 1940, by Quinette to Delhommer of 120 acres of land with improvements situated in the Parish of Jefferson, on the grounds that said transaction was simulated, and, alternatively, it was a donation omnium bonorum, or was tainted with lesion beyond moiety; plaintiffs also seek an accounting from Delhommer of all benefits, moneys, revenues, rentals, and royalties he may have received on account of said property subsequent to its transfer to him; Delhommer's sale to Louisiana Power & Light Company (on October 27, 1951) is sought to be annulled on the ground that said purchaser had knowledge at the time of its acquisition of the property that Delhommer had no valid title thereto and could transfer none.
The action against Delhommer was dismissed on his exception of res judicata; the suit as against Louisiana Power & Light Company was dismissed on that defendant's exception of no cause or right of action; plaintiffs have appealed.
On May 27, 1952, Joseph Edmond Quinette, Sr., who was then living, filed a suit against Delhommer under Docket No. 27,599 of the Twenty-Fourth Judicial District Court for the Parish of Jefferson, seeking to set aside his said sale to said defendant on the same grounds on which the instant plaintiffs now seek to have it set aside; Quinette also prayed for the same sort of accounting from Delhommer as the present plaintiffs now seek.
We have read the petition filed by Quinette as aforesaid, and find that the allegations in the prior suit are identical with those made in the action now before us and that the issues and relief sought are the same in both cases. The petition in the suit under consideration contains not a single allegation of any additional substantial facts or propositions of law which might possibly distinguish it from the other case. The only difference is that Delhommer's vendee, Louisiana Power & Light Company, was brought into the instant proceeding as a codefendant because of its status as Delhommer's transferee. Quinette died June 5, 1953, and his succession was opened under Docket No. 29,860 of the Twenty-Fourth Judicial District Court for the Parish of Jefferson wherein his last will and testament was probated and his widow, one of the present plaintiffs, was confirmed as testamentary executrix and letters as such were issued to her. On September 1, 1953, Mrs. Quinette in her quality as testamentary executrix of the decedent had herself substituted as plaintiff in the suit he had commenced against Delhommer and was authorized by order of court to prosecute the action in the same manner as decedent might have done himself.
After a lengthy trial on the merits, judgment was rendered April 14, 1955, in favor of Delhommer and against Quinette's testamentary executrix, dismissing the suit. It is a sad commentary that three of the Quinette *903 children (i.e., those not parties to the instant suit) testified as witnesses for Delhommer, while the two Quinette children appearing as plaintiffs in the instant suit testified on behalf of their mother. Mrs. Quinette appealed to this court where the matter was lodged under No. 593 of our docket, and on October 1, 1962 (146 So.2d 491) we handed down an opinion and decree affirming the judgment of dismissal, holding that the transaction between Quinette and Delhommer "was a sale of the type designated as dation en paiement * * *" and that it was supported by adequate consideration. Certiorari was denied by the Supreme Court (244 La. 113, 150 So.2d 583); Mrs. Quinette made application for a reconsideration which was denied (244 La. 147, 150 So.2d 768).
Delhommer's exception of res judicata was properly maintained. The present plaintiffs are endeavoring to rehash the same issues raised and adjudicated in the suit initiated by Quinette and prosecuted by his testamentary executrix.
LSA-C.C. art. 3556(31) defines "Thing Adjudged" thus:
"Thing adjudged is said of that which has been decided by a final judgment, from which there can be no appeal, either because the appeal did not lie, or because the time fixed by law for appealing is elapsed, or because it has been confirmed on the appeal."
According to LSA-C.C. art. 2285:
"Legal presumption is that which is attached by a special law, to certain acts or to certain facts; such are:
* * * * * *
"3. The authority which the law attributes to the thing adjudged."
The next article, 2286, provides the essential elements of res judicata as follows:
"The authority of the thing adjudged takes place only with respect to what was the object of the judgment. The thing demanded must be the same; the demand must be founded on the same cause of action; the demand must be between the same parties, and formed by them against each other in the same quality."
A judgment in a former suit bars, as res judicata, a second action wherein the thing demanded is the same, the demand is founded on the same cause of action and the demand is between the same parties and formed by them against each other in the same quality. Blanchard v. Arkansas Louisiana Gas Co., La.App., 51 So.2d 850; Elfer v. Marine Eng. Ben. Ass'n, La.App., 7 So.2d 409; Schexnayder v. Unity Ind. Life Ins. Co., La.App., 174 So. 154; Williams v. Hughes, La.App., 169 So. 240. Regardless of the form of procedure by which the issue is presented, whether by petition, exception, rule or intervention, whenever the same issue or question recurs between the same parties, even under a different form of procedure, the exception of res judicata estops further proceedings in the matter. Carbajal v. Bickmann, 192 La. 56, 187 So. 53; Greenwood Planting & Mfg. Co., Limited v. Whitney Central Trust & Savings Bank, 146 La. 567, 83 So. 832. The estoppel extends to every material allegation or statement which, having been made on one side and denied on the other, was at issue in the action and was decided therein. Succession of Fitzgerald, 192 La. 726, 189 So. 116; Buillard v. Davis, 185 La. 255, 169 So. 78; Heroman v. Louisiana Institute of Deaf and Dumb, 34 La.Ann. 805.
Res judicata is a principle of peace. Succession of Bonnecaze, La.App., 149 So.2d 663. Not only is a final judgment conclusive of every plea or defense made but also of every plea or defense which either of the parties might successfully have made at the time of trial. Pitts v. Neugent, 187 La. 694, 175 So. 460; Succession of Whitner, 165 La. 769, 116 So. 180; Bailey v. Gifford Sand & Gravel Co., La.App., 145 So. 712. The estoppel resulting from the *904 thing adjudged effectively concludes not only the parties to the former action but their privies as well. New Orleans v. Citizens' Bank, 167 U.S. 371, 17 S.Ct. 905, 42 L.Ed. 202; Farley v. Frost-Johnson Lumber Co., 133 La. 497, 63 So. 122, L.R.A.1915A, 200; Heroman v. Louisiana Institute of Deaf and Dumb, supra.
Appellants argue that the present plaintiffs were neither parties to the original action nor represented therein, and hence they are not concluded by the former judgment. They contend, also, that the cause of action upon which the present suit is founded is not the same as that relied on by Quinette because the law accords them a different cause of action which is set forth in LSA-C.C. art. 2239 which reads as follows:
"Counter letters can have no effect against creditors or bona fide purchasers; they are valid as to all others; but forced heirs shall have the same right to annul absolutely and by parol evidence the simulated contracts of those from whom they inherit, and shall not be restricted to the legitimate [legitime]."
Appellants take the position that the only means by which Quinette could have successfully atacked the sale was by producing a counter-letter or through judicial admissions made by Delhommer. On the other hand, they say the above-quoted codal article grants the heirs the right to annul the simulated sale even on the basis of parol evidence, a right Quinette did not possess.
The present plaintiffs were in effect parties to the suit commenced by Quinette. Said suit, which their mother prosecuted after Quinette's death as his testamentary executrix, was instituted and finally adjudicated before the advent of LSA-C.C.P. art. 685, which now gives the succession representative appointed by a court the authority to sue to enforce a real right of the deceased or of his succession while under administration. The prior jurisprudence was in a very unsatisfactory state with respect to the right of an executor alone to institute and prosecute a real action. See Smith v. Sinnott, 44 La.Ann. 51, 10 So. 413; Eskridge v. Farrar, 30 La.Ann. 718; Benton v. Benton, 106 La. 99, 30 So. 137; Executors of Hart v. Boni, 6 La. 97. Her entry as the testamentary executrix into the first suit took place even before the defendant had filed answer thereto. She acted on behalf of the heirs and legatees and also for the benefit of the succession, her purpose being to bring the property back into decedent's estate in the interest of all parties concerned, and that is exactly what the instant plaintiffs are endeavoring to accomplish. While the two Quinette children who appear herein as plaintiffs were not named as parties in the former action, they took a prominent part therein by appearing as witnesses for the testamentary executrix. They even gave parol testimony with reference to the bona fides of the transaction between Quinette and Delhommer. Under these circumstances, we do not deem it necessary to make a decision whether an executor alone under the law as it then stood had a right to prosecute a real action on behalf of the succession.
The legatees could just as well have joined their mother by intervening in the suit and availing themselves of every advantage under the law, including the right to prove simulation by parol testimony under LSA-C.C. art. 2239, but they were content not to become parties and to allow the testamentary executrix to prosecute the suit. We think under these circumstances the conduct of the children in the first suit ratified the actions of the testamentary executrix in her attempt to have the sale set aside so that the property could be administered in the succession. We do not believe a party who has failed to assert and litigate a claim or cause of action in a suit in which he might have done so with *905 propriety should be permitted to litigate it in a second suit unless his failure to do so in the first suit was caused by the fraud of his adversary and not by his own negligence.
Parties who are bound by a judgment include all who are directly interested in the subject matter and had a right to make a defense, control the proceedings, examine and cross-examine witnesses, and appeal from the judgment. Persons not having these rights, substantially, are regarded as strangers to the cause; but all who are directly interested in the suit, and have knowledge of its pendency, and who refuse or neglect to appear and avail themselves of these rights, are equally concluded by the proceedings. American Bell Tel. Co. v. National Improved Tel. Co., C.C.1886, 27 F. 663, affirmed Dolbear v. American Bell Telephone Company, 126 U.S. 1, 8 S.Ct. 778, 31 L.Ed. 863.
Our own Supreme Court in City of Shreveport v. Kansas City, S. & G. Ry. Co., 184 La. 473, 166 So. 471, said:
"It is a well-settled principle of law that a party, who is not made a defendant of record, may subject himself to be concluded by the result of the litigation, if he openly and actively, and, in respect of some interest of his own, assumes and maintains the defenses of the action. R.C.L. vol. 15, verbo `Judgments,' p. 1009, § 483; Johnson v. Weld, 8 La.Ann. 126; Lavigne (Hicks, Substituted) v. Louisiana Railway & Navigation Co., 12 La.App. 275, 124 So. 609; Souffront v. La Compagnie des Sucreries, 217 U.S. 475, 30 S.Ct. 608, 54 L.Ed. 846; Hauke v. Cooper (C.C.A.) 108 F. 922; Cushman v. Warren Scharf Asphalt Paving Company (C. C.A.) 220 F. 857, 860."
The plaintiffs being estopped from attacking Delhommer's title by virtue of the operation of the doctrine of res judicata, a fortiori they are without right or cause of action to assail the title of Delhommer's vendee, Louisiana Power & Light Company.
The judgment appealed from is affirmed.
Affirmed.