CHASEZ, Judge.
Plaintiffs, Edward Eugene, Pauline Eugene, wife of George Anderson, Raniel Smith, Hurley Smith, Jr., Mercedes Smith, wife of John Curry, Marietta Smith, wife of Albert Price, Doris Smith, Dolores Vincent, wife of Alfred Ripoll, Miriam Vincent, wife of Madlee Griffith, William Hardin, Cora Hardin, wife of Robert Ro-vairs, Angelina Hardin, wife of Alexander Lee, Amy Hardin, Marie Eugene, wife of Frank Emilien, Louise Eugene, wife of Victor Emilien, alleging ownership of an undivided three-quarters interest in property located in the City of New Orleans, brought this action for a partition by Imitation. Petitioners claimed title as heirs of Hypolite Paul or Paul Hypolite. They named as defendants Ruth Evelyn Ventress and Rose Garrett Thomas because, they averred, they were unable to determine which defendant was the owner of the remaining undivided one-quarter interest in the property.
Defendant Ruth Evelyn Ventress denied the plaintiffs’ right to a partition because, she averred, she was the owner of the entire tract. Defendant stated she bought the property from Chris R. Valley on July 11, 1951 and any defects in her title were cured by LSA-R.S. 33:2872, an act to ratify, quiet and confirm all municipal tax sales by the City of New Orleans. (Defendant’s vendor acquired title at a City' of New Orleans tax sale.) Defendant Ven-tress also filed an exception of no cause of action urging petitioners had failed to show they were co-owners with defendant. The exception was overruled.
Plaintiffs then filed an exception of res judicata and/or equitable estoppel to the answer of Ruth Ventress, based on litiga *343 tion initiated by Ruth Ventress in 1954 in which she attempted to quiet title to the same propery plaintiffs now desire to have partitioned. In the earlier suit, all plaintiffs herein were joined as defendants, and at that time their plea of no cause of action to the Ventress petition was maintained because the Court concluded Ruth Ventress did not own the property. This exception was also overruled by the trial court.
Defendant Rose Garrett Thomas made no appearance and judgment was rendered against her by default.
The matter was submitted for adjudication upon a stipulation of facts. The trial court rendered judgment recognizing Ruth Evelyn Ventress as the sole owner of the property and dismissed plaintiffs’ suit at their costs. Plaintiffs have appealed, urging before this Court that the trial judge improperly overruled the plea of res judi-cata or equitable estoppel.
The undisputed facts are these:
On November 10, 1866 Hypolite Paul bought the property.
On April 19, 1934 the property was sold to the City of New Orleans for non-payment of taxes for the year 1930.
On November 29, 1949, property was sold by the City of New Orleans to Chris Valley.
On July 11, 1951, the property was sold by Chris Valley to Ruth Evelyn Ventress.
On June 7, 1954 Ruth Ventress filed suit to quiet title to the property under LSA-R.S. 47:2228.1, as amended by Act 277 of 1952 and named as defendants the heirs of the tax debtor Hypolite Paul, as she was required to do under the statute authorizing the action to quiet title. (Ventress v. Thomas)
On December 10, 1956, the Court of Appeal for the Parish of Orleans, overruled the trial court and reversed its original decree confirming title in Ruth Ventress. The decree on rehearing maintained the exception of no cause of action urged by the Hypolite Paul heirs on the finding that the title of Ruth Ven-tress was non-existent because her vend- or acquired at a tax sale that was “void ab initio”. 91 So.2d 614. On March 1, 1957, the Supreme Court refused writs assigning as its reason: “Judgment is correct.”
On April 25, 1960, the Supreme Court, in the case of Nero v. Bergin, 239 La. 793, 120 So.2d 78 stated the Court of Appeal decision in Ventress v. Thomas was incorrect and the Supreme Court erred when it refused writs in that case.
Later in 1960, the Louisiana legislature amended LSA-R.S. 33:2872 to “ratify, quiet and confirm as legal and valid all tax sales made by the City of New Orleans under Act 112 of 1938.” (The 1956 decision in Ventress v. Thomas held that the tax sale from the City to Valley (Ventress’ vendor) was a nullity because the City had sold under the wrong statute.)
On October 15, 1965, heirs of Hypo-lite Paul obtained a judgment in a mandamus proceeding ordering the City of New Orleans to execute Act of Redemption in favor of Hypolite Paul. Certificate of redemption was registered in the conveyance office of Orleans Parish on November 2, 1965.
On January 13, 1966, plaintiffs were recognized as owners of an undivided three-quarters interest in the property by a judgment of possession in Proceedings No. 293-390 of the Civil District Court for the Parish of Orleans.
On February 1, 1966 this suit was filed.
Plaintiffs’ appeal rests solely on the proposition that the judgment rendered in Ven-tress v. Thomas in 1956 forms a valid basis for their plea of res judicata because the case held that Ruth Ventress had no title to the property now sought to be partitioned. And whether the result of that case was *344 right or wrong, the judgment has the effect of estopping defendant Ventress from reasserting ownership.
The essential elements of res judicata are outlined in Civil Code Article 2286, which provides:
“The authority of the thing adjudged takes place only with respect to what was the object of the judgment. The thing demanded must be the same; the demand must be founded on the same cause of action; the demand must be between the same parties, and formed by them against each other in the same quality.”
Civil Code Article 3556(31) defines the “thing adjudged” as follows:
“Thing adjudged is said of that which has been decided by a final judgment, from which there can be no appeal, either because the appeal did not lie, or because the time fixed by law for appealing is elapsed, or because it has been confirmed on the appeal.”
Civil Code Article 2285 provides in part:
“Legal presumption is that which is attached by a special law, to certain acts or to certain facts; such are:
:jt # * * * *
“3. The authority which the law attributes to the thing adjudged.”
Thus a judgment in a former suit bars, as res judicata, a second action wherein the thing demanded is the same, the demand is founded on the same cause of action and the demand is between the same parties and formed by them against each other in the same quality. See Quinette v. Delhommer, La.App., 165 So.2d 900, at 903.
Applying these principles to the instant facts, we conclude the plea of res judicata urged by plaintiffs was improperly overruled.
In 1954 Ruth Ventress filed suit under Act 277 of 1952 to confirm a title to property that her vendor, Chris Valley, had acquired at a tax sale. The act contained certain requirements the property owner must comply with in bringing the action. Before suit was filed the deed was to be filed in the conveyance records of the parish where the property was situated. The statute named as indispensable parties to the suit the tax debtor or his heirs or assigns. The basis of plaintiff’s suit was ownership of the title. The statute provided acquisition must be through a tax sale to plaintiff or her ancestor in title.
Defendants therein, who are plaintiffs in the instant case, urged in their answer, as well as in an exception of no cause of action, that Ruth Ventress had no title to the property because her vendor, Chris Valley, acquired title through an adjudication that was a nullity. The tax sale was executed pursuant to Act 112 of 1938 (LSA-R.S. 33:2861 et seq., when it should have been sold under the provisions of Act 155 of 1894 (LSA-R.S. 47:2191).
In maintaining the exception of no cause of action, the Court of Appeal for the Parish of Orleans stated Ruth Ventress had no title to the property because the sale from the City to Chris Valley, her vendor, was void ab initio.
Defendant, Ruth Evelyn Ventress, contends that the effect of the judgment in the earlier suit did not determine title insofar as she was concerned, but in effect was a dismissal of her action as of non-suit without prejudice.
Defendant seems to argue that a judgment of dismissal based on exceptions of no cause of action cannot be the basis of a plea of res judicata. In rejecting this same argument this Court stated in Duke v. Gregory-Salisbury & Company, La.App., 205 So.2d 858, at p. 861:
“If the plea of res judicata can never be maintained where the exception o'f no cause of action is maintained in the first suit, then many courts have wasted much effort and time in discussing the *345 other questions involved when they merely could have refused to consider the pleas of res judicata on that ground.”
In our view a judgment of no cause of action is, in effect, a judgment of non-suit if the petition contains insufficient allegations to support plaintiffs claim. Thus a second suit may be brought if the plaintiff is able to allege facts, not pleaded in the first instant, that would support a cause of action. See Dupre v. Consolidated Underwriters, La.App., 99 So.2d 522.
But in Ventress v. Thomas, supra, the exception of no cause of action was maintained because the Court decided plaintiff had no title to the property at issue, and this conclusion cotild not have been altered by additional allegations inadvertently omitted from the first petition. The title of Ruth Ventress had to be asserted to state a cause of action and the Court dismissed her suit with prejudice on a factual finding that she had no title to the property.
Now, some ten years later, the same litigants are before us and defendant Ventress is attempting to relitigate the same issue. Although she is named defendant in a partition suit instituted by plaintiffs, she is attempting to defeat plaintiffs’ right to partition by asserting ownership of the entire tract. Now, as she did in her action to quiet title, she claims title through purchase from Chris Valley, who in turn acquired at the tax sale of 1949.
But in our view she is estopped by the judgment in the former suit. The requisites of res judicata are met. The parties are the same, the cause of action of Ruth Ventress is the same, and the demand cast the litigants against each other in the same quality. While it is true that Ruth Ventress is a defendant in this case, whereas she was plaintiff in the other, this is of no moment because Ruth Ventress is attempting to relitigate the same issues to establish title to property when her lack of title has been finally adjudged.
In Quinette v. Delhommer, supra, this Court summarized the jurisprudence on this issue 165 So.2d at page 903 as follows:
“ * * * Regardless of the form of procedure by which the issue is presented, whether by petition, exception, rule or intervention, whenever the same issue or question recurs between the same parties, even under a different form of procedure, the exception of res judicata estops further proceedings in the matter. Carbajal v. Bickmann, 192 La. 56, 187 So. 53; Greenwood Planting & Mfg. Co., Limited v. Whitney Central Trust & Savings Bank, 146 La. 567, 83 So. 832. The estop-pel extends to every material allegation or statement which, having been made on one side and denied on the other, was at issue in the action and was decided therein. Succession of Fitzgerald, 192 La. 726, 189 So. 116; Buillard v. Davis, 185 La. 255, 169 So. 78; Heroman v. Louisiana Institute of Deaf and Dumb, 34 La.Ann. 805.
“[5-7] Res judicata is a principle of peace. Succession of Bonnecaze, La.App., 149 So.2d 663. Not only is a final judgment conclusive of every plea or defense made but also of every plea or defense which either of the parties might successfully have made at the time of trial. Pitts v. Neugent, 187 La. 694, 175 So. 460; Succession of Whitner, 165 La. 769, 116 So. 180; Bailey v. Gifford Sand & Gravel Co., La.App., 145 So. 712. * * * ”
Defendant Ventress further contends that the 1956 opinion of the Court of Appeal vested no rights in plaintiffs herein and did not annul the title of Ruth Ventress because her title remained of record.
Since the title remained of record, defendant Ventress further reasons, any defect it contained was cured by a 1960 amendment to LSA-R.S. 33:2872 which provides in part:
“All deeds to all lands which were sold by any municipal corporation, including the city of New Orleans to any person *346 * * * under Act No. 112 of the 1938 Louisiana Legislature * * * and where the deeds were executed by such municipal corporations, including the City of New Orleans, to such purchasers and registered in the conveyance records of the parishes in which the sales took place, are ratified, quieted and confirmed as legal and valid.”
From this, defendant Ventress reasons, the Certificate of Redemption obtained by the heirs of Hypolite Paul in 1965 through a mandamus proceeding against the City was an invalid redemption because title was no longer in the City of New Orleans. Appellee correctly cites the decision in Fiedler v. Pipes, 236 La. 105, 107 So.2d 409 as authority for the proposition that a redemption by a tax debtor is a nullity once the State or a political subdivision thereof has validly conveyed the property at a tax sale.
We reject appellee’s line of reasoning because we do not agree with her analysis of the effect of the 1956 opinion. In our view this opinion determined Ruth Evelyn Ven-tress had no title to the property; therefore, title reverted to the City of New Orleans. While the judgment did not vest title in the heirs of the tax debtor, it did confer on them the right to redeem the property that the City never validly conveyed. LSA-R.S. 47:2224 confers on the tax debtor or his heirs the right to redeem property adjudicated to any political subdivision for taxes as long as the subdivision has not sold or conveyed the property so adjudicated.
Thus the effect of the 1960 statute designed to confirm questionable titles did not in our view operate to vest title in Ruth Ventress. That act ratified questionable titles, but when it was passed, defendant had no title to ratify because it had been finally adjudged that she acquired from a vendor who had no title to convey. Doubtless, had the 1954 proceeding to quiet title not been brought, the act would have confirmed her title. But in initiating the action to quiet title, Ruth Ventress necessarily asserted she was the owner of the property and it was judicially determined her title was void.
The fact that the Supreme Court repudiated the result of the first suit between these parties in Nero v. Bergin, supra, four years after the Ventress v. Thomas decision was rendered, does not alter the effect of the judgment. Right or wrong, the decision in the first suit was based on a finding that Ruth Ventress had no title to the property and when this judgment became final, she had no further right to relitigate the same issue.
In our view, the plea or res judicata bars defendant Ventress from relitigating her claim of ownership of the entire tract. But even if res judicata did not apply, the jurisprudential rule of judicial estoppel would bar reurging of this issue. In Shell Oil Company v. Texas Gas Transmission Corp., La.App., 176 So.2d 692 at p. 696 this Court noted that in actions of partition the application of the plea or res judicata is not adhered to as strictly as in other cases. The court stated:
“[3] With three exceptions, none of which is applicable here, Louisiana courts always have interpreted Article 2286 stricti-juris and have rigidly adhered to the necessary presence of all three requirements. The exceptions are petitory actions, partitions and injunctions to arrest executory process. Quarles v. Lewis, 226 La. 76, 82, 75 So.2d 14, 16; Brown Land & Royalty Co. v. Pickett, 226 La. 88, 91, 75 So.2d 18, 19; Hope v. Madison, 194 La. 337, 343, 193 So. 666, 667-668; Pacific Fin. Co. of Caddo v. Benson, La.App., 149 So.2d 239, 243; Taylor v. Williams, La.App., 107 So.2d 319, 321; Comment, 35 Tul.L.Rev. 609, 618; Comment, 2 La.L.Rev. 491, 512.”
Since we conclude the plea of res judicata is proper, we are of the opinion that the certificate of redemption obtained by plaintiffs in 1965 vested in Hypolite Paul ownership of an undivided three-quarters interest in the property. Plaintiffs in turn acquired *347 title through the judgment of possession signed in 1966 which recognized them as heirs of the original tax debtor.
As to the remaining one-quarter undivided interest, we conclude that Ruth Ventress is the owner. In 1956 she obtained a judgment by default against Rose Garrett; therefore, as to Rose Garrett’s interest, Ruth Ventress did retain her questionable title to an undivided one-quarter interest, which was ratified and confirmed by the 1960 act passed by the legislature to quiet titles.
For the reasons assigned the judgment appealed from is reversed and it is now ordered, adjudged and decreed that there be judgment herein in favor of plaintiffs Edward Eugene, Pauline Eugene, wife of George Anderson, Raniel Smith, Hurley Smith, Jr., Mercedes Smith, wife of John Curry, Marietta Smith, wife of Albert Price, Doris Smith, Dolores Vincent, wife of Alfred Ripoll, Miriam Vincent, wife of Madlee Griffith, William Hardin, Cora Hardin, wife of Robert Rovairs, Angelina Hardin, wife of Alexander Lee, Amy Hardin, Marie Eugene, wife of Frank Emilien, and Louise Eugene, wife of Victor Emilien and against the defendant and appellee, Ruth Evelyn Ventress, recognizing said plaintiffs as owners of an undivided three-quarters interest in the property hereinafter described and entitling them to- a partition by licitation. The defendant and appellee, Ruth Evelyn Ventress, is recognized and decreed to be the owner of an undivided one-quarter interest in said property.
The property is described as follows:
“A CERTAIN LOT OF GROUND, with all improvements, etc. situated in the Third District of this City, in that part formerly known as Faubourg Marigny, in Square No. 1180, bounded by North Miro (late) Liberals and late Johnson, North Tonti (late Force), and New Orleans Streets and London Avenue, which said lot is designated by the No. Fourteen(14) according to a plan made by Pilie and Depouilly, Architects, and deposited in the office of Octave Morel, Notary, in this City. The said lot measures in American measure, thirty (30') feet front on North Miro Street, by a depth and front on New Orleans Street of 116 feet.”
It is further ordered that this matter be remanded to the District Court for the pupose of proceeding with a partition of the property in conformity with the views expressed herein, the costs of which are to be borne by the co-owners in an amount proportionate to their individual interest in the property.
Ruth Evelyn Ventress, defendant-appel-lee is to pay all other costs of this litigation.
Reversed, rendered and remanded for the purpose of partition.
Samuel, J., is of the opinion that a rehearing should be granted.