BARHAM, Justice.
 

 A judgment of the trial court declaring the defendant-reconvenor to be the owner of the entire property in litigation was reversed by the Court of Appeal, which recognized the plaintiffs as owners of an undivided three-quarters interest and the defendant-reconvenor as owner of an undivided one-quarter interest, and remanded the matter to the trial court for partition of the property by licitation as prayed by the plaintiffs. 209 So.2d 341. We granted writs on application of the defendantreconvenor, Ruth Evelyn Ventress.
 

 This suit for partition by licitation was filed by all but one of the heirs of Hypolite Paul, their ancestor in title, alleging ownership of an undivided three-fourths interest in the property located in the City of New Orleans and asking the court to determine the owner of the other one-fourth interest as between two defendants, Rose Thomas, the other heir, and Ruth Evelyn Ventress, holder of a deed of record to the entire property from Chris Valley, who had purchased the property from the City of New Orleans after its adjudication to the City for non-payment of taxes. Rose Thomas made no appearance in these proceedings. Ruth Ventress claimed full ownership in answer-reconvention and also filed an exception of no cause of action urging that the plaintiffs failed to show that they were co-owners with her. A plea of res judicata to the reconventional demand was filed by the plaintiffs on the basis of a prior proceeding instituted by Ruth Ventress to quiet tax title to this property. The plea was overruled by the trial court but was maintained by the Court of Appeal.
 

 The case was submitted for adjudication upon a stipulation of facts which were correctly summarized by the Court of Appeal as follows:
 

 “On November 10, 1866 Hypolite Paul bought the property.
 

 “On April 19, 1934 the property was sold to the City of New Orleans for non-payment of taxes for the year 1930.
 

 “On November 29, 1949, property was sold by the City of New Orleans to Chris Valley.
 

 “On July 11, 1951, the property was sold by Chris Valley to Ruth Evelyn Ventress.
 

 
 *845
 
 “On June 7, 1954 Ruth Ventress filed suit to quiet title to the property under LSA-R.S. 47:2228.1, as amended by Act 277 of 1952 and named as defendants the heirs of the tax debtor Hypolite Paul, as she was required to do under the statute authorizing the action to quiet title. (Ventress v. Thomas)
 

 “On December 10, 1956, the Court of Appeal for the Parish of Orleans, overruled the trial court and reversed its original decree confirming title in Ruth Ventress. The decree on rehearing maintained the exception of no cause of action urged by the Hypolite Paul heirs on the finding that the title of Ruth Ventress was nonexistent because her vendor acquired at a tax sale that was ‘void ab initio’. [Ventress v. Thomas] [La.App.] 91 So.2d 614. On March 1, 1957, the Supreme Court refused writs assigning as its reason: ‘Judgment is correct.’
 

 “On April 25, 1960, the Supreme Court, in the case of Nero v. Bergin, 239 La. 793, 120 So.2d 78 stated the Court of Appeal decision in Ventress v. Thomas was incorrect and the Supreme Court erred when it refused writs in that case.
 

 “Later in 1960, the Louisiana legislature amended LSA-R.S. 33:2872 to ‘ratify, quiet and confirm as legal and valid all tax sales made by the City of New Orleans under Act 112 of 1938.’ (The 1956 decision in Ventress v. Thomas held that the tax sale from the City to Valley (Ventress’ vendor) was a nullity because the City had sold under the wrong statute.)
 

 “On October 15, 1965, the heirs of Hypolite Paul obtained a judgment in a mandamus proceeding ordering the City of New Orleans to execute Act of Redemption in favor of Hypolite Paul. Certificate of redemption was registered in the conveyance office of Orleans Parish on November 2, 1965.
 

 “On January 13, 1966, plaintiffs were recognized as owners of an undivided three-quarters interest in the property by a judgment of possession in Proceeding No. 293-390 of the Civil District Court for the Parish of Orleans.
 

 “On February 1, 1966 this suit was filed.”
 

 We must first determine whether the suit Ventress v. Thomas, supra, filed by Miss Ventress against the Hypolite Paul heirs, is res judicata as to the issues raised by her as defendant-reconvenor in her present claim for full ownership of the subject property.
 
 [1]
 

 
 *847
 
 In 1954 Ruth Ventress filed the suit styled Ventress v. Thomas et al. to confirm her title derived from a tax sale under R.S. 47:2228.1. The defendants, heirs of Hypolite Paul, urged by answer as well as in exception of no cause of action that the plaintiff Miss Ventress had no title to the property because the sale from the City of New Orleans to her vendor, Valley, was a nullity. The trial court overruled the exception and confirmed title to the entire property in Ruth Ventress. On appeal on rehearing the Court of Appeal for the Parish of Orleans found “ * * * the adjudication from the City of New Orleans to Valley, [was] executed wrongfully pursuant to the provisions of LSA-R.S. 33:2861 et seq., Act 112 of 1938, and not the provisions of LSA-R.S. 47:2191, Act 155 of 1894, which would have been correct, and, as such, is void ab initio * * ”, and rendered judgment “* * * in favor of the defendants maintaining the exception of no cause of action and dismissing plaintiff’s suit at her cost”. 91 So.2d 614, 618, 619.
 

 In that suit the only objective which was sought or could be claimed by Miss Ventress was a confirmation of the tax sale and the quieting of title as to the title holders, heirs or assigns at the time of the tax adjudication. Although the defendants reconvened claiming title to the property in the 1954 proceeding, this reconventional demand was never tried or passed upon; in fact, the necessary parties were not before the court for proper determination of that issue. The Court of Appeal’s judgment merely refused to confirm Miss Ventress’ title as to the heirs who had appealed because it considered that there were technical defects in the sale to her author in title from the City of New Orleans; and although its judgment was erroneous, that refusal to maintain her action was binding.
 
 [2]
 
 Ownership of the property was never put at issue or decided, no record titles or property rights were affected, and no deeds, titles, or other evidence of property interests were erased from the records by the appellate court judgment. That judgment neither vested nor divested property rights; it simply held that Miss Ventress had no standing to confirm her title, and her suit was dismissed on exception of no cause of action.
 

 In Folger v. St. Paul, 130 La. 1082, 58 So. 890 (1912), a suit to establish title, the defendants relied on a plea of res judicata based upon a previous suit to quiet tax title
 
 *849
 
 under Act 101 of 1898.
 
 [3]
 
 This court rejected the plea, and in discussing that act, which was the predecessor to the present statutory provision for procedure to quiet tax title, said:
 
 “ * *
 
 * A proceeding under said Act No. 101 of 1898 is not one to test the title to the property as between all parties in interest, but merely to test the tax title. The only title that can be litigated in such a proceeding is the tax title. * * *” See also Fellman v. Kay, 147 La. 953, 86 So. 406 (1920).
 

 “The authority of the thing adjudged takes place only with respect to what was the object of the judgment.” And the essential elements to make a judgment res judicata are: “The thing demanded must be the same, the demand must be founded on the same cause of action; the demand must be between the same parties, and formed by them against each other in the same quality.” La. Civ. Code Art. 2286. The Louisiana doctrine of res judicata is stricti juris, and in cases of doubt must be rejected. Quinette v. Delhommer, 247 La. 1121, 176 So.2d 399 (1965) ; Tucker v. New Orleans Laundries, Inc., 238 La. 207, 114 So.2d 866 (1959).
 

 Certainly the present suit does not place at issue the same thing, does not involve the same cause of action, and the thing demanded here, that is, ownership, has never been adjudicated between these parties. The plea of res judicata must be rej ected.
 

 Under our conclusion that Ruth Ventress is not precluded from urging in reconvention her ownership of the entire property and under plaintiffs’ allegation of ownership of an undivided three-quarters interest, we must examine the effect of the events following the earlier court proceeding to determine ownership. It is our conclusion that the Louisiana Legislature by amending R.S. 33 :2872 in 1960
 
 [4]
 
 
 *851
 
 effectually ratified, confirmed, and made legal the sale from the City of New Orleans to Chris Valley, Miss Ventress’ vendor. We have concluded that the prior proceeding did not divest her of whatever title she may have held, and we hold that the legislative confirmation inured to her benefit. The plaintiffs failed to take advantage of the saving clause provided in the 1960 legislation; in fact, they delayed until October 15, 1965, more than 30 years after the tax adjudication, before demanding and securing a certificate of redemption from the City of New Orleans. In January, 1966, in succession proceedings to which the defendant Miss Ventress was not a party, the plaintiffs were recognized as owners of an undivided three-quarters interest by a judgment of possession. We conclude that the securing of the certificate of redemption in 1965 availed nothing to the plaintiffs, and that the ex parte self-serving judgment of possession in the succession proceedings of course had no effect as to this defendant’s interest. As previously noted,- Ruth Ventress acquired a one-fourth interest in the property by the trial court judgment of default confirming the tax title as to Rose Thomas, and we conclude that the 1960 legislation vested Ruth Ventress with the other three-quarters interest.
 

 For the reasons assigned the judgment of the Court of Appeal is reversed, and the judgment of the Civil District Court for the Parish of Orleans is reinstated and made the judgment of this court. The plaintiffs are to pay all costs of these proceedings.
 

 HAMLIN, J., recused.
 

 [1]
 

 . Rose Thomas, one of the Hypolite Paul heirs, did not make an appearance in those proceedings, and the district court judgment confirming the tax title of Miss Ventress became final as to Mrs. Thomas. However, the judgment of the district court was reversed on appeal as to the other heirs, the plaintiffs in the present suit.
 

 [2]
 

 . In Nero v. Bergin, 239 La. 793, 120 So.2d 78 (1960), this court recognized that the holding of Ventress v. Thomas, 91 So.2d 614 (La.App.Orl.1957), was erroneous, and acknowledged that we had erred in refusing to grant writs in that case. Only two defenses were available 'in that suit under R.S. 47:2228.1, and it - was error to maintain the exception of no cause of action based upon the invalidity of the City’s sale to Valley since this was not a defense.
 

 [3]
 

 . Act 101 of 189S provided for a procedure whereby a tax purchaser (not the State or a political subdivision) could by suit require the former owner of the property to attach the tax sale within six months and failure to do so would confirm the tax title in the purchaser. Act 106 of 1934 and Act 153 of 1948 replaced this provision and constituted Section 2228 of Title 47 of the Revised Statutes of 1950. Act 476 of 1950 became R.S. 47:2228.1, and Act 277 of 1952 repealed that act and enacted R.S. 47 :222S.l as it presently reads, under which Miss Yen tress brought suit to confirm her tax title. R.S. 47:2228.1 provides a procedure for purchasers from the State or a political subdivision, where property has been previously adjudicated to the State or political subdivision for non-payment of taxes, to confirm title against the former owners of the property at the time of the adjudication.
 

 [4]
 

 . Prior to the 1960 reenactment and amendment of the City Municipal Tax Sale Law, R.S. 33:2861 et seq., there was a special provision applicable to tax sales in the City of New Orleans. Clearly the legislative intent of the 1950 enactment was to include the City of New Orleans in these provisions and, under R.S. 33:2872 particularly to cure de
 
 *851
 
 fective tax sales which had been made by the City under the general provisions rather than under the then ap~ plicdble statute.
 

 Although the question of the constitutionality of the application of R.S. 33 :2872 was not raised in the lower courts, it was' contended in argument before us that its application is contrary to Article 4, Section 15, of the Louisiana Constitution which provides: “ * * * nor shall vested rights be divested * * However,'we have found that Yentress v. Thomas, supra, Footnote 2, did not have the effect of vesting or divesting property rights.