278 So.2d 561 (1973)
B. Haynes HANCOCK
v.
LINCOLN AMERICAN LIFE INSURANCE COMPANY.
No. 9335.
Court of Appeal of Louisiana, First Circuit.
May 14, 1973.
Rehearing Denied June 20, 1973.
Writ Refused August 31, 1973.
*562 Stephen E. Everett, Alexandria, for appellant.
Frank J. Polozola, Baton Rouge, for appellee.
Before LANDRY, TUCKER and PICKETT, JJ.
LANDRY, Judge.
Plaintiff appeals rejection of his demands for alleged commissions due pursuant to a contract to sell life insurance for defendant together with damages for reputed breach of contract and defamation. Defendant filed a peremptory exception of res judicata predicated upon a release executed by plaintiff acknowledging payment of all amounts due by defendant under the contract. Defendant also filed a motion for summary judgment dismissing plaintiff's claim for damages for defamation. The trial court overruled defendant's motion for summary judgment, but sustained defendant's exception of res judicata as to plaintiff's claims for commissions and damages for breach of contract. We reverse.
By written agreement dated October 1, 1965, Appellant was employed by Appellee as agent to solicit applications for credit life insurance. The contract provided that plaintiff would be paid a commission of 5% on gross premiums collected on policies obtained by Appellant, and on all accounts assigned Appellant by defendant. Significantly the contract provided for further payments characterized as Vested Commissions which were described as follows:
"VESTED COMMISSIONS: In the event of termination of this Contract, the Credit Life Agent shall continue to receive the Commissions herein provided for. However, if such termination occurs after thirty-six months from the date of the Contract, the Credit Life Agent, or his executor or administrator, shall also continue to receive Credit Life Service Commissions payable for a period of time that is equivalent to the number of full years this Contract has been in force."
Included in the Vested Commissions paragraph are certain exceptions not germane to the issues herein.
Plaintiff's services were terminated by letter dated May 5, 1971, which provides in pertinent part as follows:
"This letter will confirm our meeting of Wednesday, April 21, 1971, in Alexandria, Louisiana, at which time we gave you notice of termination of our contract with you as of April 30, 1971."
The Communication then proceeds to list eight reasons for the termination and concludes as follows:
"We feel that these grounds necessitate termination of our contract with you. We will forward full and final commissions due you on the 15th of May, 1971, for premiums received through April 30, 1971."
By check dated May 17, 1971, defendant tendered plaintiff the sum of $943.71, said instrument bearing the following notation: *563 "In full and final settlement of any and all commissions or other compensation due under contract between payor and payee dated October 1, 1965." Plaintiff cashed the check and deposited the proceeds thereof to his account.
To establish the alleged compromise, defendant attached to its exception of res judicata the affidavit of Charles W. Thomas, Manager, Credit Life Department, which affidavit recites the following: Thomas met with plaintiff on April 21, 1971, and gave verbal notice of plaintiff's termination, as of April 30, 1971. Plaintiff was advised that defendant would remit a check "... for full and final settlement of any and all claims plaintiff had under the October 1, 1965 contract." On May 5, 1971, plaintiff was given written confirmation of the prior meeting. On May 17, 1971, Thomas wrote plaintiff enclosing the check for $943.71, which was endorsed and cashed by plaintiff. The check, according to Thomas, was intended in full payment and settlement of all commissions and other compensation due under the agreement.
Plaintiff testified there was never any dispute concerning the amount due him. His right to vested commissions was never discussed. Plaintiff understood the check tendered to be in payment of commissions due only for the past month's business. Plaintiff had no recollection of Thomas stating that a check would be sent in payment of any and all commissions due under any provision of the contract.
We note that defendant's letter of May 5, 1971, advises that on May 15, 1971, defendant would remit all commissions due "for premiums received through April 30, 1971." Equally noteworthy is that defendant's May 17, 1971 letter, enclosing the check in question, states that the enclosed check is tendered pursuant to defendant's letter of May 5, 1971.
Based on Linda Mercantile Corporation v. Bowers, La.App., 230 So.2d 302, the trial court rejected Appellant's contention that accord and satisfaction did not result herein because of a lack of dispute between the parties. The lower court concluded that since plaintiff's services were terminated, there must have been differences between the litigants.
Appellant maintains the trial court erred in: (1) Finding that all necessary elements of a settlement or compromise were established by defendant; (2) holding that an accord and satisfaction resulted under the circumstances; (3) failing to find that there was no meeting of minds regarding an element of dispute, and (4) sustaining defendant's exception of res judicata. More particularly, Appellant contends the lower court erred in finding that the essential element of a dispute regarding the amount due was shown, as is required to support a plea of accord and satisfaction.
The exception of res judicata is a preemptory exception which must be specially pleaded. LSA-C.C.P. art. 927. On trial of an exception of res judicata, evidence may be introduced. LSA-C.C.P. art. 931.
Res judicata is based on the conclusive legal presumption of "the thing adjudged" previously between the same parties; it is ordinarily based upon a final judgment. LSA-C.C. arts. 2285-2287 and 3556(31).
It is well settled that litigants may put an end to a lawsuit by adjusting their differences by mutual consent evidenced through a written transaction or compromise. LSA-C.C. art. 3071. Such a transaction or compromise has, between the contracting parties, a force equal to the authority of things adjudged. LSA-C.C. art. 3078; Bielkiewicz v. Rudisill, La.App., 201 So.2d 136; Bowden v. State Farm Mutual Automobile Ins. Co., La.App., 150 So. 2d 655.
The authority of the thing adjudged takes place only with respect to what was the object of the judgment. The essential elements of the plea of res judicata are: (1) The thing demanded must be the same; *564 (2) the demand must be founded on the same cause of action, and (3) the demand must be between the same parties and formed by them against each other in the same quality. LSA-C.C. art. 2286.
In this state, the doctrine of res judicata is stricti juris; any doubt concerning application of the principle of res judicata must be resolved against its application. Eugene v. Ventress, 253 La. 840, 220 So.2d 94; Tucker v. New Orleans Laundries, Inc., 238 La. 207, 114 So.2d 866. The doctrine of res judicata cannot be invoked unless all its essential elements are present. Coates Equipment & Service, Inc. v. Glover, La.App., 181 So.2d 455, and each necessary element must be established beyond all question. Road Equipment Company v. Prestenback, La.App., 143 So. 2d 135.
The plea of res judicata may be raised by peremptory exception based on a written compromise asserted in bar of the action, notwithstanding compromise is an affirmative defense required by LSA-C.C. P. art. 1005 to be specially pleaded. Bielkiewicz v. Rudisill, above; Bowden v. State Farm, above.
It readily appears that the validity of defendant's plea of res judicata depends upon whether a valid compromise was effected between the parties. It is further apparent that plaintiff's acceptance of the sum tendered does not constitute a compromise unless there was a dispute between the parties as to the amount due under the contract.
As regards the principle of accord and satisfaction, our law is settled to the effect that a dispute between the parties as to the amount due is an indispensable element. In Linda Mercantile Corporation v. Bowers, above, the rule is stated as follows:
"... in Pontchartrain Park Homes v. Sewerage & Water Board, 246 La. 893, 168 So.2d 595, our Supreme Court set out the elements of accord and satisfaction as follows: `In order to maintain a plea of estoppel based on the doctrine of accord and satisfaction there must be present: (1) an unliquidated or a disputed claim; (2) a tender by the debtor; and (3) an acceptance of the tender by the creditor.'
* * * * * *
The clear tenor of the jurisprudence is that a pre-existing dispute as to the amount due is an indispensable prerequisite to application of the doctrine of accord and satisfaction. (Emphasis ours.)
* * * * * *
... we specifically hold that a dispute as to any aspect of a transaction which necessarily affects the amount due is a dispute as to the amount due.
Such a dispute, however, must be reasonable and bona fide under the circumstances of each particular case.
* * * * * *
Unquestionably the creditor must have knowledge, actual or imputed, of the existence of a dispute regarding the amount due. It is not necessary, however, that there be haggling over a fixed contract price to either constitute a dispute or impute knowledge thereof to the creditor. It suffices that actual knowledge be shown or circumstances demonstrated from which knowledge may reasonably be inferred."
The same rule applies in regard to transaction or compromise. Berger v. Quintero, 170 La. 37, 127 So. 356; Louisiana Industries, Inc. v. Gibbens Bros. Const. Co., La. App., 144 So.2d 630.
The record before us does not establish existence of a dispute as to the amount due Appellant under the contract. The affidavit by defendant's employee does not mention any disagreement as to the amount due. Defendant's letter of May 5, 1971, stated that remittance would be made for commissions due Appellant on premiums *565 received through April 30, 1971. The check tendered May 17, 1971, does not indicate the existence of a dispute as to the amount due. Based on the record before us, the most that can be said is that there was a misunderstanding between the parties as to the amount intended to be covered by the tendered check. Nothing indicates a meeting of the minds as to agreement upon a compromise in an amount less than that believed by Appellant to be due under the contract.
There being no dispute as to the amount due, no compromise resulted from Appellant's acceptance of the tendered sum.
It is ordered, adjudged and decreed that the judgment of the trial court sustaining defendant's plea of res judicata and dismissing plaintiff's action be and the same is hereby reversed and set aside and this matter be remanded to the trial court for trial of plaintiff's demands on the merits; costs of this appeal to be paid by defendant, Lincoln American Life Insurance Company.
Reversed and remanded.